859 So.2d 286 (2003)
Pierre SMITH, Plaintiff-Appellant,
v.
AAA TRAVEL AGENCY, et al, Defendant-Appellee.
No. 37,728-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2003.
*287 The Singleton Law Firm, by W. James Singleton, Shreveport, Curtis R. Joseph, Jr., for Appellant.
Cook, Yancey, King & Galloway, by Sidney E. Cook, Jr., R.D. Evans, Jr., for Appellee AAA Travel Agency.
Voorhies & Labbe', by Cyd Sheree Page, Monroe, for Appellee Bayou Plaza & Associates.
Lunn, Irion, Salley, Carlisle & Gardner, by Walter S. Salley, Shreveport, Gregory S. Barkley, for Intervenor TIG Insurance Company.
Before STEWART, GASKINS and MOORE, JJ.
MOORE, J.
Pierre Smith appeals a summary judgment in favor of two defendants, AAA Travel Agency ("AAA") and Bayou Plaza & Associates, dismissing his claims for personal injuries and other damages arising from an aggravated assault on AAA's premises. For the reasons expressed, we affirm.

Procedural Background
The assault occurred after working hours on the evening of May 24, 2000 at AAA. AAA is located at 6570 Youree Drive in Shreveport, in a small strip mall called Bayou Plaza, owned by Bayou Plaza & Associates LLC ("Bayou Plaza"). It is located directly north of the larger and older Bayou Walk Shopping Center.
Smith worked as a night custodian for a janitorial provider. He recalled reporting to AAA sometime after 7 p.m. to clean up, using a key to enter the front door. He testified that his usual practice was to walk to the back of the office and deactivate the burglar alarm, but because of his injuries he did not remember whether he actually did so on May 24.[1] An unknown person or persons apparently followed Smith into the office and inflicted a very severe beating. Smith was left unconscious in the bathroom, tied up with telephone cords. He woke up in the hospital with severe injuries to his head, face and upper body. The police ascribed the incident to an attempted robbery; the assailants have never been caught.
In April 2001, Smith filed the instant suit for personal injuries and other damages. He named as defendants AAA and Bayou Plaza, the owners of the business and shopping center, as well as American Security and Mid-South Alarms, the manufacturer and installer of the security system. Smith alleged that the defendants knew or should have known that "the entire city of Shreveport * * * was a high crime area on May 24, 2000." TIG Insurance, Smith's employer's compensation carrier, intervened to recover compensation benefits, which by August 2001 had exceeded $96,000. After discovery, Smith voluntarily dismissed Mid-South Alarms with prejudice. American Security later obtained a summary judgment which Smith did not appeal.
AAA moved for summary judgment in August 2002, urging that with no prior burglaries or assaults on its premises, it owed no duty to protect Smith from the criminal acts of unknown third parties. Posecai v. Wal-Mart Stores Inc., 99-1222 (La.11/30/99), 752 So.2d 762.
Smith opposed the motion, offering the affidavit of David Kent, a New Orleans-based expert on crime risk assessment.
*288 Kent's affidavit stated that he had analyzed crime data and statistics of crimes reported at Bayou Walk Shopping Center and within a one-mile radius of Bayou Walk. He asserted that AAA's alarm system was insufficient; "enhanced security alarm and/or video monitoring capability" would have deterred Smith's attackers. He also noted that if Bayou Walk Shopping Center had hired a mobile security contractor or in-house security staff, there was a "high probability" the offense could have been averted. By memorandum, Smith argued that the crime statistics showed 431 crimes within the one-mile radius, including 10 business burglaries, four aggravated batteries, one robbery, and 80 miscellaneous crimes that occurred on Bayou Walk's premises. The district court denied summary judgment.
AAA and Bayou Plaza then took Kent's deposition, in which he admitted that he had analyzed only the crime data furnished to him by counsel; however, the industry standard did not approve of using a one-mile radius, and Kent never analyzed the crime rate in Bayou Plaza's police district. He admitted that after visiting Shreveport for the first time and examining Bayou Plaza and its environs, he found no indicia that it was in a "high crime area." He testified that crime reports from Bayou Walk were relevant, as it is contiguous to Bayou Plaza, but conceded that prior to the assault on Smith, he saw nothing even remotely resembling this crime in the area. He admitted that the security systems he had suggested in deposition would not have guaranteed any more safety for Smith, and he declined to say that Bayou Plaza should have employed mobile security or in-house security. His conclusion was he would have to study the situation more.
AAA and Bayou Plaza filed the instant motions for summary judgment in December 2002, attaching Kent's deposition. They argued that because crime had been so infrequent on their premises, under Pinsonneault v. Merchants & Farmers Bank & Trust Co., 2001-2217 (La.4/3/02), 816 So.2d 270, they had no duty to hire live guards or install more sophisticated security devices.
Smith opposed the motion. He offered no expert affidavits or depositions, but argued that Kent's deposition testimony created a genuine issue of material fact regarding the "existence, frequency and similarity of prior incidents on the premises," an element of the claim according to Pinsonneault. He also cited the Tennessee jurisprudence which the supreme court had approved in Posecai.
The district court granted the motions, noting that in deposition, Kent "backtracked off the affidavit" and declined to say the defendants owed better security. The court further noted that Smith presented no further evidence to show that he could meet his burden of proof. The court rendered judgment dismissing Smith's claims. Smith has appealed.

Applicable Law
Louisiana applies a duty-risk analysis to determine whether liability exists under the particular facts presented. The plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of the protection afforded by the duty breached. Posecai v. Wal-Mart Stores, supra at 4, 752 So.2d at 765; Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173. The threshold issue is, of course, the existence of a duty. Posecai, supra, and citations therein.
*289 While business owners generally have no duty to protect others from the criminal acts of third persons, they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable. Id. Determining when a crime is foreseeable is the critical inquiry. Id.; Pinsonneault, supra at 7, 816 So.2d at 276. The supreme court has adopted a balancing test:
The foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security measures such as using surveillance cameras, installing improved lighting or fencing, or trimming shrubbery. The plaintiff has the burden of establishing the duty the defendant owed under the circumstances.
The foreseeability and gravity of the harm are to be determined by the facts and circumstances of the case. The most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into account. It is highly unlikely that a crime risk will be sufficiently foreseeable for the imposition of a duty to provide security guards if there have not been previous instances of crime on the business' premises. Posecai, supra at 8-9, 752 So.2d at 768.
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(1).
The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. After the burden has shifted, the plaintiff must make a positive showing of evidence creating a genuine issue as to an essential element of its claim. Mere speculation is not sufficient. Babin v. Winn-Dixie La. Inc., XXXX-XXXX (La.6/30/00), 764 So.2d 37. Appellate review of summary judgments is de novo. Ross v. Conoco Inc., XXXX-XXXX (La.10/15/02), 828 So.2d 546.
Whether a duty is owed is a question of law. Peterson v. Gibraltar Sav. & Loan, 98-1601 (La.5/18/99), 733 So.2d *290 1198. The existence of a duty to provide security is therefore suitable for summary judgment disposition. Bezet v. Original Library Joe's Inc., XXXX-XXXX (La.App. 1 Cir. 11/8/02), 838 So.2d 796; Marmer v. Queen of New Orleans at the Hilton, XXXX-XXXX (La.App. 4 Cir. 5/16/01), 787 So.2d 1115.

Discussion
By one assignment of error, Smith urges the district court erred in granting summary judgments in favor of AAA and Bayou Plaza. Smith argues that he made an adequate showing to create a genuine issue of material fact as to the duty element under Pinsonneault, supra. Because Bayou Plaza lies adjacent to Bayou Walk, with no physical barrier between them, he contends that crime statistics from Bayou Walk may satisfy the element of "location, nature and condition" of the defendants' property. Citing Mr. Kent's abstract of criminal statistics, he asserts that between 1997 and 2000, Bayou Walk was the site of five aggravated batteries, as well as five auto thefts, 15 business thefts, one robbery of a person, one business robbery, one purse snatching, 42 shoplifting crimes, 26 general thefts, one weapons crime, and 19 drug offenses. He further contends that the defendants made no effort to analyze their crime risk and thus remained "willfully ignorant in an effort to preclude their liability." Smith concludes that from these facts, a jury could well find that the defendants owed a duty to protect him from aggravated assault by unknown burglars.
The defendants argue that only one crime, a business burglary, had been reported in Bayou Plaza since its construction. With no predatory or similar offenses on the premises, they contend Smith cannot make a showing of foreseeability as required by Posecai and Pinsonneault, supra. They also contend that after visiting Bayou Plaza and the surrounding area, Mr. Kent withdrew his earlier recommendation that an enhanced security system would have deterred the incident and that live, on-site security would have detected it.
The record supports Kent's opinion that the larger Bayou Walk Shopping Center is contiguous to Bayou Plaza; although the buildings stand separate, the parking lot appears as continuous pavement and the space between the properties is uninterrupted. We therefore accept Kent's thesis that significant criminal activity on Bayou Walk's premises may contribute to a finding that similar crimes are foreseeable on Bayou Plaza.
Beyond this, however, Kent's testimony offers little support for the finding of a duty under Posecai, supra. He conceded that there was only one crime reported on Bayou Plaza's premises prior to this incident. As for Bayou Walk, the crimes listed on the police printouts were more than just service calls, since each had been "classified and coded," but Kent had no idea how many of them resulted in investigations or arrests. He conceded that from the printouts he could not "discern * * * anything remotely like this[.]" He said he would need to investigate the prior reports of aggravated battery and robbery, but admitted these would probably be of little help as he suspected the assault on Smith was an "inside job" by a "disgruntled employee."
The data regarding crimes within the one-mile radius supplied by counsel were even less helpful. Kent testified that the crime protection industry viewed the one-mile area as too large. He preferred to look at statistics from "the same zone, grid, call section, beat" to discern crime trends, but admitted he had not done so. He was impressed that within walking distance *291 of Bayou Plaza, he found "expensive, single-family residences," a church and a school, not the "disabled vehicles, a lot of hardware and bars and grates, * * * alcoholic beverage outlets, the 24-hour convenience facilities" that would indicate a "more densely crime-impacted area." These observations undermine any showing of "other factors, such as the location, nature and condition of the property" that would make this type of crime foreseeable in Bayou Plaza. Posecai, supra. The likelihood and gravity of harm on the defendants' premises after working hours remained slight.
In addition, Mr. Kent plainly backed away from his earlier opinion that the defendants should have installed an enhanced security system, and frankly admitted that without a more in-depth assessment, he would not now recommend the use of on-site security guards.
The instant record is less compelling than the trial evidence in Posecai, supra. The parking lot of Sam's Wholesale Club in Kenner had been the scene of three predatory offenses over the preceding 6½ years, and an expert testified that the area around the store was "heavily crime impacted."[2] Nonetheless, the supreme court found that the armed robbery of Mrs. Posecai before dusk on a summer evening was not foreseeable.
In other cases, patrons or employees have presented minimal evidence of random crime on the premises or in the area. Balancing the foreseeability of harm against the burden of imposing a duty to protect against the intentional criminal acts of third parties, courts have declined to find intentional attacks foreseeable. Marmer v. Queen of New Orleans, supra; Thompson v. Winn-Dixie Louisiana Inc., XXXX-XXXX (La.App. 4 Cir. 3/6/02), 812 So.2d 829, writ denied, XXXX-XXXX (La.5/21/02), 817 So.2d 104; Bonds v. Abbeville Gen'l Hosp., 00-1462 (La.App. 3 Cir. 4/4/01), 782 So.2d 1188.
The summary judgment evidence simply does not show that the intentional attack on Smith was foreseeable under the balancing test of Posecai and Pinsonneault, supra. The defendants showed the lack of factual support for this essential element of Smith's claim, thus shifting to Smith the burden to present evidence supporting a genuine issue of material fact. La. C.C.P. art. 966 C(2). Smith failed to meet this burden. The district court did not err in granting the summary judgments.

Conclusion
For the reasons expressed, the summary judgments are affirmed. Appellate costs are assessed against the plaintiff, Pierre Smith, and the intervenor, TIG Insurance Company.
AFFIRMED.
STEWART, J., dissenting.
I respectfully dissent from the majority opinion affirming the dismissal of Smith's claims for personal injuries and damages on summary judgment. While the existence of a duty owed by AAA to provide security under the circumstances of this case is a question of law that may be decided on summary judgment, I do not agree that summary judgment was appropriate in this instance. Both Posecai v. Wal-Mart Stores Inc., 99-1222 (La.11/30/99), 752 So.2d 762 and Pinsonneault v. Merchants & Farmers Bank & Trust Co., 2001-2217 (La.4/3/02), 816 So.2d 270, involved crimes by third parties *292 against patrons of the businesses. The duty analyzed was that owed by a business to protect its customers from the criminal acts of third parties. Smith was not a customer. Rather, he was a night custodian who provided janitorial services for AAA. His job required him to report to AAA after hours and to disable the security system. These distinguishing facts require a more thorough analysis of what duty is owed by a business to its employees or contractors whose work duties are performed after hours.
NOTES
[1] Records from the alarm company, American Security, showed that no one had breached the perimeter, but that someone (presumably Smith) entered at 9:03 p.m. and used the correct access code to turn off the system.
[2] The plaintiff's expert in Posecai was David Kent, the same expert retained by Smith in the instant case.