895 So.2d 676 (2005)
Betty Sue Cooper WELLS and Betty Sue Cooper Wells on Behalf of Her Minor Child, Jacqueline Burnette Wells, Plaintiff-Appellant,
v.
RED RIVER PARISH POLICE JURY, Jesse Davis, in His Capacity as President of the Police Jury, Vernon Webb and the Estate of Elizabeth Webb & XYZ Insurance Co., Defendants-Appellees.
No. 39,445-CA.
Court of Appeal of Louisiana, Second Circuit.
March 2, 2005.
*677 Louis G. Scott, for Appellant.
Bolen, Parker & Brenner by Donna J. Duplechian, Daniel G. Brenner, Alexandria, for Appellee Red River Parish Police Jury.
Stamey & Miller by Joseph B. Stamey, Natchitoches, for Succession of Vernon & Elizabeth Webb.
Before BROWN, DREW and MOORE, JJ.
MOORE, J.
Betty Sue Cooper Wells, individually and on behalf of her minor child, Jacqueline Burnette Wells, appeals the grant of summary judgments in favor of the defendants, and the judgment dismissing her wrongful death action. For the reasons expressed, we affirm.

Procedural Background
The accident occurred on June 6, 2002, in Red River Parish. J.B. Wells was driving his Ford pickup truck west on Parish Road 601, which intersects a Union Pacific Railroad track. As he was crossing the track, he was struck and killed by a passing train. He was survived by his widow, Ms. Wells, and his minor daughter, Jacqueline.
On June 6, 2003, Ms. Wells filed this suit, naming as defendants the Red River *678 Parish Police Jury,[1] Jesse Davis in his capacity as president of the Police Jury, Vernon Webb and the estate of Elizabeth Webb ("The Webbs"), the owners of property adjacent to the track where the accident occurred, and the Webbs' unnamed insurer. The parties dismissed Jesse Davis as a defendant by consent judgment in October 2003.
The petition alleged that the accident resulted from (1) the Webbs' failure to keep the trees, grass, bushes and vines on their part of the property cut, thus obstructing Mr. Wells's sight; (2) the Police Jury's failure to install proper signals approaching the railroad crossing; and (3) the Police Jury's failure to keep its right-of-way trimmed in such a manner that oncoming traffic on the road could see the approaching train.
In December 2003, the Police Jury filed a motion for summary judgment urging that Ms. Wells could not prove that it failed to keep the intersection trimmed or allowed any visual obstruction at the site. It also urged that without a showing that the crossing created a "dangerous trap" for motorists, the Police Jury had no duty to install warnings. In April 2004, the Webbs filed a motion for summary judgment urging that Ms. Wells could not prove that they failed to keep their vegetation properly cut or allowed any visual obstruction at the site. In support, the Police Jury and the Webbs submitted a photograph of the railroad crossing, allegedly taken by a Red River Parish sheriff's deputy on the day of the accident. The picture bears no affidavit of the deputy who took it or of anyone else attesting that it accurately represents the crossing on the day of the accident. The movers offered no other evidence in support of their motions.
In opposition, Ms. Wells submitted three photographs allegedly showing overgrown vegetation that caused a sight obstruction at the crossing; there is no affidavit or other indication of when the pictures were taken or by whom. Ms. Wells also attached transcripts of four interviews in which area residents told Ms. Wells's attorney the crossing was hazardous. These statements are not in the form of affidavits, are unsigned and, according to the transcripts, were not given under oath. Finally, Ms. Wells referred to a private investigator's report of the accident. This document, not in the form of an affidavit, reproduces the statements of other area residents who felt the crossing was hazardous. It contains no first-hand information.
After a hearing in April 2004, the district court granted both the Police Jury's and the Webbs' motions for summary judgment. This ruling was reduced to judgment dismissing the suit. Ms. Wells has appealed.

Discussion
By her first assignment of error, Ms. Wells urges that the photograph introduced by the defendants is a view looking down the track and does not accurately depict the hazard faced by a motorist approaching the track. She contends that this photo alone "does not prove a lack of negligence on the part of the defendants." By her second assignment, she cites the transcripts of the interviews with local residents, all of whom felt that visibility approaching the track was obstructed. She concludes that the mover's insufficient showing, together with the transcripts, created a genuine issue of material fact as to whether the crossing posed a "dangerous trap" requiring some kind of corrective action. Rivere v. Union Pacific R. Co., 93-1132 (La.App. 1 Cir. 10/7/94), 647 So.2d *679 1140, writ denied, 95-0292 (La.3/24/95), 651 So.2d 295.
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Brown v. International Paper Co., 38,892 (La.App. 2 Cir. 9/22/04), 882 So.2d 1228, writ denied, 2004-2865 (La.1/28/05), 893 So.2d 78. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Racine v. Moon's Towing, 2001-2837 (La.5/14/02), 817 So.2d 21. The motion should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before that court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Smith v. AAA Travel Agency, 37,728 (La.App. 2 Cir. 10/29/03), 859 So.2d 286, writs denied, XXXX-XXXX, 3329 (La.2/6/04), 865 So.2d 731, 735. Appellate review of the grant or denial of summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002.
Summary judgment evidence is regulated by La. C.C.P. art.967 A:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
Personal knowledge means something which the witness actually saw or heard, as distinguished from what he learned from some other person or source. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Richardson v. Lagniappe Hospital Corp., 33,378 (La.App. 2 Cir. 5/15/00), 764 So.2d 1094. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on motion for summary judgment. Boland v. West Feliciana Parish Police Jury, XXXX-XXXX (La.App. 1 Cir. 6/25/04), 878 So.2d 808, writ denied, 2004-2286 (La.11/24/01), 888 So.2d 231; Blount v. East Jefferson Gen'l Hosp., 04-407 (La.App. 5 Cir. 10/12/04), 887 So.2d 535.
As the movers for summary judgment, the Police Jury and the Webbs had the initial burden; however, they showed that Ms. Wells would have the burden of proving negligence at trial. The movers pointed out to the court an absence of factual support for an essential element of Ms. Wells's cause of action, i.e., that there was a visual obstruction at the crossing. To rebut this showing, Ms. Wells offered transcripts that are unsigned, unverified, not in the form of an affidavit, and not attached to any affidavit or deposition; thus they have no evidentiary value on the motion for summary judgment. La. C.C.P. art. 967 A; Boland v. West Feliciana Police Jury, supra; Blount v. East Jefferson Gen'l Hosp., supra. She also offered photographs which are unidentified, unverified, and not attached to any affidavit or deposition; they likewise are incompetent evidence on the motion for *680 summary judgment. Boland v. West Feliciana Police Jury, supra.[2] Finally, she referred to a private investigator's report which had been filed in response to a motion for production of documents; however, this contains only statements of other witnesses and no observations that purport to be based on first-hand knowledge. As such it was not competent evidence on the motion for summary judgment. Barnes v. Sun Oil Co., supra; Richardson v. Lagniappe Hospital Corp., supra.
In short, once the movers pointed out an absence of evidence to prove the existence of a sight obstruction at the crossing, the burden shifted to Ms. Wells to present competent summary judgment evidence demonstrating a genuine issue of material fact on this issue. She presented no competent summary judgment evidence to that effect, and the summary judgment was properly granted.
Ms. Wells's other claim against the Police Jury was that it failed to install proper signals approaching the crossing. While the duty to erect and maintain signals at the crossing and to maintain the adjacent right-of-way lies with the railroad, La. R.S. 32:169, the governing authority with jurisdiction over a particular roadway also owes the duty to keep that roadway reasonably safe for travel. La. R.S. 32:235 B; Estate of Thomas v. State, 604 So.2d 617 (La.App. 2 Cir.), writ denied, 608 So.2d 167 (1992); Chaney v. National Railroad Passenger Corp., 583 So.2d 926 (La.App. 1 Cir.1991). This includes the duty to erect stop signs to warn motorists of unusually dangerous conditions such as railroad crossings. La. R.S. 32:41 A(11), 42. A crossing is considered a "dangerous trap" when it is unreasonably dangerous because the view of the motorist is so obstructed as to force him into a position of peril dangerously near the tracks and before he can see the oncoming train. Moore v. Kansas City Southern R. Co., 31,081 (La.App. 2 Cir. 10/28/98), 722 So.2d 296, writ denied, 98-2943 (La.1/29/99), 736 So.2d 832; Rivere v. Union Pacific R., supra. However, this duty arises only when such a dangerous condition exists. As noted above, Ms. Wells has not shown by competent evidence that any unreasonably dangerous condition existed at the crossing where her husband's truck was hit by the train. A fortiori she has not shown that the Police Jury should have installed signs or warnings. The district court did not err in granting summary judgment as to this claim.

Conclusion
For the reasons expressed, we affirm the summary judgment in favor of the Police Jury and the Webbs. The judgment dismissing Ms. Wells's suit is affirmed at her costs.
AFFIRMED.
NOTES
[1] The petition actually refers to this defendant as the "Red River Police Jury."
[2] We observe that the single photograph offered by the Police Jury and the Webbs in support of the motion for summary judgment also fails to meet the requirements of Art. 967 A.