968 So.2d 841 (2007)
Tammy ESSWEIN, Plaintiff-Respondent
v.
David A. WHITE, D.D.S. and Dental West, Inc., Defendants-Respondents.
Deborah Painich, Plaintiff-Respondent
v.
David A. White, D.D.S. and Dental West, Inc., Defendants-Respondents.
Nos. 42,502-CW, 42,503-CW.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
Rehearing Denied November 29, 2007.
Judice & Adley, by James J. Hautot, Jr., Lafayette, for Defendant-Applicant, The Medical Protective Co.
*842 Davidson, Jones & Summers by Allison A. Jones, Shreveport, for Plaintiffs-Respondents, Tammy Esswein and Deborah Painich.
Hammonds & Sills, by Jon K. Guice, Baton Rouge, for Defendants-Respondents, David A. White, D.D.S. and Dental West, Inc.
Before STEWART, GASKINS and PEATROSS, JJ.
STEWART, J.
The Medical Protective Company ("MPC") appeals the trial court's denial of its motion for summary judgment against Dr. David White, Dental West, Incorporated ("Dental West"), Tammy Esswein and Deborah Painich. For the reasons that follow, we affirm the trial court.

FACTS
Deborah Painich filed suit against her former employer, Dental West, Incorporated and former co-employee, Dr. David A. White, a dentist, for damages alleging that during her employment she was exposed to offensive language, "touchings of a sexual nature," and other alleged inappropriate behavior and speech by Dr. White. Dental West was alleged to be vicariously liable for the actions of Dr. White.
Plaintiff filed an amended petition alleging that the dental malpractice insurance policies issued by the Medical Protective Company (MPC) to Dr. White and Dental West covered her claims. MPC denied coverage contending that the substance of Painich's claims was not based on "professional services rendered or which should have been rendered . . . in the practice of the insured's profession." MPC filed a motion for summary judgment. While the motion was pending, this matter was consolidated with a parallel case brought by another former employee of Dental West, Tammy Esswein.
Dr. White and Dental West opposed the motion for summary judgment, arguing that the policies were ambiguous because neither professional services nor practice of the insured's profession were defined in the policies; the inclusion of an antitrust exclusion in the policy somehow implied that the policy was intended to cover the plaintiff's battery and intentional infliction of emotional distress claims, although none of these were based on professional services; and that the inclusion in the policies of an Expanded Coverage Endorsement which limited the scope of the "willful tort" exclusion in the main body of the policy also expanded the scope of coverage claim "based on professional service."
The trial court denied MPC's motion for summary judgment on the issue of coverage under the policy, and writs were sought. We consolidated the writs into the instant appeal.

DISCUSSION
Standard of Review
The motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Wells v. Red River Parish Police Jury, 39,445 (La.App. 2 Cir. 3/2/05), 895 So.2d 676, writ not cons., XXXX-XXXX (La.5/13/05), 903 So.2d 438. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Racine v. Moon's Towing, 2001-2837 (La.5/14/02), 817 So.2d 21. The motion shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions *843 on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B; Racine v. Moon's Towing, supra.
On the motion for summary judgment, the burden of proof is on the mover. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Wells v. Red River Parish Police Jury, supra. If the plaintiff fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966 C(2); Power Marketing Direct Inc. v. Foster, 2005-2023 (La.9/6/06), 938 So.2d 662.
Appellate review of the grant or denial of summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002; Wells v. Red River Parish Police Jury, supra.
Painich alleges that during her employment, which ended October 27, 2000, she was "exposed to outrageous conduct and outrageous behavior," consisting of offensive language and physical conduct of a sexual nature. Painich characterizes the behavior as intentional inflictions of emotional distress. For instance, on many occasions Dr. White would grab his pants in the crotch area and pretend to zip his pants while making some derogatory comment toward the women in the office. While Painich assisted Dr. White with patients by holding the vacuum powered debris remover in a patient's mouth, White would say to the patient, "she's the best sucker I know" in reference to Painich. On several of the occasions where a patient was in the chair being treated, Dr. White would suggestively remark that the patient had a "hair caught in their teeth." Painich also testified that, while in the office, she saw Dr. White behind Tammy Esswein "hunching" her and that he had attempted this maneuver on her at work as well. Moreover, Dr. White also solicited sex from Painich on several occasions and groped Painich and other co-workers.
Contrary to the arguments of MPC, the policies at issue provide coverage for just the kind of actions perpetrated by Dr. White. The trial court did not rewrite the policy at issue. We find that Dr. White's conduct did fall under the parameters of actions rendered during professional services for the purposes of coverage under the policy. Most, if not all, of the conduct complained of by Esswein and Painich occurred at work while Dr. White and Ms. Esswein and Ms. Painich rendered professional services in the form of dental services. We find no support for the narrow definition of professional services offered by MPC that would seem to only extend to actions perpetuated by the employees of Dental West on patients, but would not extend to behavior between coworkers. We find that professional services would extend to behavior between co-workers as well as to that perpetuated upon patients by employees of Dental West.
Although the trial court effectively found that the definition of professional services did not appear in the policy issued by MPC, we find that its denial of the motion for summary judgment was proper. Further, the language of the "Dental Expanded Coverage Endorsement Corporation Policy" indicated to the court that the coverage provided by MPC went beyond *844 the kinds of risks that might arise out of pure professional services rendered in a dentist's office.
Without a definition of the terms "professional services" or "practice of the insured's profession" in the insurance policies, the allegations made by the plaintiffs who were employed as the defendants' receptionist/hygienist and office manager occurred in relation to the professional services offered by Dental West. None of the conduct alleged occurred after business hours but happened during the course and scope of the plaintiffs' employment. There is nothing in the policy that excludes employment-related matters. As such, the trial court was correct in determining that coverage for the acts alleged by plaintiffs was proper under the law.

CONCLUSION
Based on the above and foregoing, we affirm the trial court's denial of summary judgment. Costs assessed to MPC.
AFFIRMED.
GASKINS, J., concurs with written reasons.
PEATROSS, J., concurs for the reasons set forth in the written concurrence of GASKINS, J.
GASKINS, J., concurring.
I respectfully concur with the majority's decision to affirm the denial of the motion for summary judgment filed by Medical Protective Company. It appears that some of the acts alleged by the plaintiffs may be covered under the language of the policy, while others may not. Until the evidence is fully developed, I would withhold judgment as to whether all the acts are covered by the insurance policy.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
Rehearing denied.
CARAWAY and PEATROSS, JJ., would grant rehearing.