CARAWAY, J.
|!After a fatality and injuries in a collision at a railroad crossing, the State of Louisiana, through the Department of Transportation and Development (“DOTD”), was sued along with the two owners of the roadway and rail line. Plaintiffs alleged that DOTD had assumed duties regarding the crossing and was responsible in tort with the owners for the unreasonably dangerous condition of the crossing. DOTD filed a motion for summary judgment with evidence indicating that DOTD’s only involvement with the off-system railroad crossing was for compliance with federal railroad safety legislation and regulations. Plaintiffs filed no opposition to the motion. After the trial court denied DOTD’s motion, we granted this supervisory review. We now reverse the judgment of the trial court and grant summary judgment in favor of DOTD dismissing it from the suit.

Facts

On the evening of March 19, 2003, Brennan Holloway’s 1994 Ford Explorer collided with a Kansas City Southern Railway Company (“KCS”) locomotive as Holloway traversed a railroad crossing on Mound Road in Madison Parish. As a result of the collision, Holloway was seriously injured. Passenger Leigh Anne Holloway, Brennan’s sister, was killed.
Brennan Holloway and his parents, David and Susan Holloway, (hereinafter “plaintiffs”) filed separate suits against KCS, the Madison Parish Police Jury *856 (“Police Jury”) and DOTD on March 17, 2003.[1] In their claims against KCS and the Police Jury, plaintiffs alleged that the Mound |2Road crossing was jointly maintained by these defendants and that they failed to properly evaluate, investigate and correct multiple unreasonably dangerous conditions. These included inadequate warnings for approaching trains and the “multiple substandard geometries” of the location for the crossing. Specifically, plaintiffs alleged that KCS failed to take measures to compensate for improper operation of trains, to maintain grade crossing safety or evaluate near misses, or adopt rules and regulations which would require a reduction in train speeds. Plaintiffs alleged that the Police Jury failed to properly evaluate, investigate and correct multiple substandard conditions at the Mound Road crossing or take available steps to require KCS to safely operate their trains over the crossing.
Regarding DOTD, the plaintiffs alleged that DOTD’s “acceptance and use of federal funds under 23 C.F.R. § 646.214(b)(3), (4) constituted an assumption of the responsibility to properly sign and place adequate warning devices at Mound Road Crossing....” Plaintiffs further alleged that DOTD “negligently administered federal safety funds by allowing the expenditure of federal funds on warning devices at Mound Road Crossing # 302414L without complying with the mandates of federal law,” namely, the failure to have adequate warning devices at the crossing. Plaintiffs further contended that DOTD failed to take steps to “eliminate the unreasonable risk of harm at Mound Road Crossing # 302414L,” to properly evaluate the warning device needs at this crossing, and to timely evaluate changing conditions and needs for additional warning devices at the crossing. Plaintiffs finally contended that DOTD knew or should have [ -¡known about prior accidents, parallel roads, substantial traffic exposure, limited sight distances, high train speed and other geometries and operational conditions which rendered the crossing unreasonably dangerous.
DOTD answered the petition generally denying all allegations against it and asserted Holloway’s contributory negligence. On October 23, 2003, DOTD filed a motion for summary judgment on the grounds that the crossing in question was not in the state highway system or under the custody or control of DOTD. DOTD also asserted that plaintiffs could produce no evidence suggesting that it had assumed this responsibility and that the privileged nature of the information under 42 U.S.C. § 409 in the possession of DOTD would preclude plaintiffs from developing any evidence to create a genuine issue of material fact.
The motion was held in abeyance pending final disposition of the issue of whether DOTD was in possession of any discoverable material pursuant to 42 U.S.C. § 409. In the course of that adjudication, DOTD was ordered to prepare a privilege log identifying the documents it asserted were covered by the privilege. The trial court eventually ruled that the documents on the privilege log were protected from discovery.[2]
*857 DOTD argued its motion for summary judgment on December 17, 2007. Only KCS opposed the motion, unaccompanied by documentation. |4KCS claimed that the affidavit of William C. Shrewsberry, Jr., DOTD’s civil engineer in charge of the Federal Railroad Safety Program, submitted in support of the summary judgment, established a genuine issue of material fact as to whether DOTD assumed a duty to maintain adequate warning signs and other safety enhancements at the crossing. Shrewsberry’s affidavit noted in pertinent part as follows:
The roadway known as Mound Road is not on the State Highway System and is not under the custody or control of the State of Louisiana, through the Department of Transportation and Development. Railroad grade crossings like the roadway at Mound Road are known as off-system crossings.
DOTD did not construct the Mound Road/Kansas City Southern Railway System railroad crossing nor does DOTD own or maintain the Mound Road/Kansas City Southern Railway System railroad.
He has personally reviewed the documents referred to in plaintiffs’ Interrogatories and Request for Production of Documents. The documents are solely for the purpose of developing and planning a railroad grade crossing improvement project that was susceptible to implementation utilizing Federal-Aid Highway Funds.
DOTD cannot comply with the Federal Railroad Safety Program requirements without the referenced documents. The referenced documents are compiled, collected, and maintained by DOTD solely pursuant to its ongoing evaluation of the Mound Road/Kansas City Southern Railway System crossing and for the purpose of developing potential federally funded safety enhancements.
Because the Mound Road/Kansas City Southern Railway System railroad crossing is not part of the State Highway System, any file and all information that DOTD has on the crossing only exists because of its participation in the Federal Railroad Safety Program. DOTD would possess no information and have no involvement with the Mound Road/Kansas City Southern Railway System railroad crossing but for DOTD’s participation in the Federal Railroad Safety Program.
Concerning any federally-funded railroad improvement measures for the crossing, the trial court verbally opined that there apparently was “no ^evidence that ... a project was done at the site.” Nevertheless, the trial court denied DOTD’s summary judgment as follows:
And although it is a struggle, and the Court is very sensitive to keeping somebody in a case that needs to be released, I’m just not comfortable because to some extent the privilege hides the ball and keeps people from knowing what the whole story is. And maybe it’s because I’m not sure what’s behind the ball that I’m gonna keep DOTD in here now.
Thereafter, DOTD sought a timely writ application to this court which was granted and docketed for appeal.

Discussion

On the motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966. However, if the mover will not bear the burden of proof at trial *858 on the matter that is before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to plaintiffs claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material facts remain. La. C.C.P. art. 966(C)(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Wells v. Red River Parish Police Jury, 39,445 (La.App. 2d Cir.3/2/05), 895 So.2d 676. If the plaintiff fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Power Marketing Direct, Inc. v. Foster, 05-2023 (La.9/6/06), 938 So.2d 662. Appellate review of the grant or denial of summary judgment is de novo. Wells v. Red River Parish Police Jury, supra.
We granted this supervisory writ of review on the belief that DOTD’s motion for summary judgment did “point out” to the trial court an absence | fiof factual support for plaintiffs’ claim that DOTD owes a duty under our tort law relating to the condition of this railroad crossing. Plaintiffs filed no opposition evidence to the motion for summary judgment and therefore rest upon the allegations of the petition. With DOTD’s lack of ownership of this off-system crossing, its lack of affirmative action regarding the crossing and its involvement limited to its role under federal railroad safety legislation and regulations, we find that the jurisprudence requires reversal of the trial court’s ruling and the dismissal of DOTD as a defendant.
The plaintiffs’ allegations placing tort liability on the DOTD are not based upon DOTD’s ownership or custody of the two properties that converge to form the crossing. As we observed in Borden v. Kansas City Southern Ry. Co., 39,291 (La.App. 2d Cir.3/4/05), 895 So.2d 787, 797:[3]
Ownership or custody of a thing, which in this case is an immovable roadway or railroad right-of-way, brings with it responsibility in tort for damages occasioned by a defect in the thing. La. R.S. 9:2800; La. C.C. art. 2317 and 2317.1. Additionally, with regard to the signing of a roadway, La. R.S. 32:235(B) requires that “[ljocal municipal and parish authorities in their respective jurisdictions shall place and maintain such traffic control devices upon highways under this jurisdiction.” From this authority, the Town’s jurisdiction and ownership/custody of the roadway and KCS’s ownership of its right-of-way would place duties upon them for maintaining the safety of the intersection which may serve as the basis for a tort |7claim against them. However, such duties of the custodian/owner are not placed on the DOTD.
With the ownership and custody of this crossing residing in the Police Jury and KCS, the plaintiffs’ allegations gener *859 ally suggest that DOTD’s actions with the Mound Road crossing under the federal safety program for railroad crossings form the basis for its liability in this case.[4] Nevertheless, in defense, DOTD has relied upon the recent rulings of our Supreme Court in Long v. State ex rel. Dept. of Trans. and Dev., 04-0485 (La.6/29/05), 916 So.2d 87, both for shielding evidence deemed privileged under 23 U.S.C. § 409,[5] and for protection for its actions under federal railroad safety legislation and regulations. See also, Pierce County, Wash. v. Guillen, 537 U.S. 129, 123 S.Ct. 720, 154 L.Ed.2d 610 (2003); Palacios v. Louisiana and Delta R.R. Inc., 98-2932 (La.7/2/99), 740 So.2d 95; Borden v. Kansas City Southern Ry. Co., supra; Bader v. Kansas City Southern Ry. Co., 36,536 (La.App. 2d Cir.12/20/02), 834 So.2d 1; Ghrigsby v. Kansas City Southern Ry. Co., 38,988 (La.App. 2d Cir.10/29/04), 888 So.2d 961, writ denied, 04-2897 (La.2/4/05), 893 So.2d 885. DOTD’s actions under the | federal program for upgrading the safety of railroad crossings do not impose an automatic duty on the agency of responsibility for the condition of the railroad crossing. Long v. State ex rel. Dept. of Trans. and Dev., supra at 103. Moreover, as we stated in Borden:
[T]he recognition in Palacios of the underlying policy of Section 409 “to encourage states to actively and thoroughly investigate the railroad crossings within their borders, free from the fear that data compiled to serve this purpose might be later used to establish tort liability,” indicates to us that the imposition of a duty upon the DOTD merely because of its involvement in the federal Crossings Program would thwart that policy. The owners and custodians of the crossing, in this case the Town and KCS, are responsible for its safety and accountable under Louisiana tort law in the absence of federal preemption. The DOTD, which has administrative duties under the federal program, has not been alleged or shown in this case to have assumed or breached a duty that would make it responsible in tort.
Borden v. Kansas City Southern Ry. Co., supra at 800.
Subsequent to its important ruling in Long, the Louisiana Supreme Court had another occasion in Hebert v. Rapides Parish Police Jury, 06-2001 (La.4/11/07), 974 So.2d 635, to address an alleged assumption of duty by DOTD for an off-system highway bridge owned by a parish police jury. The court stated the principles for assumption of a duty as follows:
Under Louisiana law, one who does not owe a duty to act may assume such a *860 duty by acting. Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law 5.07[6], 5-27 (Supp.2006). In Bujol v. Entergy Services, Inc., 03-0492, p. 16 (La.5/25/04), 922 So.2d 1113, 1129, this Court explained this concept of assumption of duty and stated an assumption of duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should recognize as necessary for the protection of a third person.
[[Image here]]
The Bujol court described the action required by the defendant in such instances as an affirmative undertaking and further explained that the determination of whether such an action was | ataken involves an examination of the scope of the defendant’s involvement, the extent of the defendant’s authority, and the underlying intent of the defendant. 03-0492 at p. 18, 922 So.2d at 1131. As in other civil cases, the burden is on the plaintiff to prove by a preponderance of the evidence facts sufficient to establish the action undertaken by the defendant. See e.g., Bujol, 03-0492 at p. 16, 922 So.2d at 1130.
However, neither a defendant’s concern with safety conditions and its general communications regarding safety matters, nor its superior knowledge and expertise regarding safety issues, will create a duty to guarantee safety. Bujol, 03-0492 at p. 21, 922 So.2d at 1133. Likewise, inspections and mere safety recommendations, which recommendations are not mandatory and are not within the authority of the defendant to remediate, cannot create such a duty. Id. at 20-22, [922 So.2d at] 1133-34.
Id. at 643-644.
In view of the plaintiffs’ complaint under the foregoing jurisprudence, any acceptance and use of federal funds by the DOTD, the allegations of which are vaguely expressed by plaintiffs, would have been for the purpose of the potential development of federally-funded safety enhancements. This is the conclusion that must be reached for the Mound Road crossing after consideration of Shrewsberry’s affidavit. This allegation concerning DOTD’s involvement with the federal railroad safety program is insufficient to establish an actionable tort duty and breach thereof. Long v. State ex rel. Dept. of Trans. and Dev., supra; Borden v. Kansas City Southern Ry. Co., supra. There is no showing of an assumption of a duty by separate affirmative acts which went beyond DOTD’s administrative duties under the federal program. With the burden of producing such evidence on the plaintiffs, their failure to oppose DOTD’s motion for summary judgment is fatal to their claim.
ImThe additional allegations of the petition against DOTD concerning negligence for its alleged failure to act with appropriate steps to enhance the safety of the crossing relate only to duties of the owners of the crossing. Since DOTD does not own the crossing, these allegations do not show material fact issues upon which plaintiffs might prevail at trial. Likewise, any failure to act to render services for the owners of this crossing will not serve as a basis for DOTD’s assumption of a duty regarding this crossing. Hebert v. Rapides Parish Police Jury, supra.
Accordingly, the plaintiffs having failed to produce factual support for essential elements of a claim against DOTD sufficient to demonstrate a genuine issue of material fact, DOTD’s motion for summary judgment is hereby granted.

Conclusion

The ruling of the trial court is reversed and DOTD is dismissed from this action. *861 Costs of appeal are assessed equally to plaintiffs and KCS.
REVERSED.

. The suits were consolidated for trial on September 17, 2003.

. The trial court initially granted KCS's motion to compel on August 2, 2004, ordering DOTD to produce the privilege log. On February 16, 2006, the Louisiana Supreme Court remanded the matter to the trial court for reconsideration of the ruling in light of Long v. State ex rel. Dept. of Trans. and Dev., 04-0485 (La.6/29/05), 916 So.2d 87. After reconsideration, the trial court amended its judgment on March 20, 2006, ruling that the documents were protected from discovery.
On April 26, 2006, KCS filed a Motion to Reconsider the amended judgment which the trial court denied on December 19, 2006. *857 Both this court and the Louisiana Supreme Court denied applications for supervisory review by KCS.

. Our ruling in Borden remanded the case to the trial court for the plaintiff to attempt to state a cause of action demonstrating facts showing an assumption of a duty by the DOTD for the off-system crossing. We did so because of the pendency of the Long case in the Louisiana Supreme Court, which we noted in footnote 3 in Borden, and because of the confusion concerning the two prior rulings of the Supreme Court in Archon v. Union Pacific R.R., 94-2728, 94-2743 (La.6/30/95), 657 So.2d 987, on reh'g, 675 So.2d 1055 (1996) and Rick v. State, Dept. of Transp. and Dev., 630 So.2d 1271 (La.1994). Writs were granted by the Supreme Court in Borden, and after the Long decision, which overruled Archon and Rick, the Borden ruling of our Supreme Court also remanded the case to the trial court for consideration in light of the Long ruling. Borden v. Kansas City Southern Ry. Co., 05-0861 (La.2/17/06), 924 So.2d 995. Our review of Long convinces us that our rationale in Borden remains appropriate, and we reiterate that rationale here.

. A duty-risk analysis for tort liability involves five elements which must be proved by the plaintiff: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of the liability or scope of protection element); (5) proof of actual damages (the damages element). Long v. State ex rel. Dept. of Trans. and Dev., supra.

. 23 U.S.C. § 409 provides:
... reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of ... railway-highway crossings, pursuant to sections 130, 144, and 152 of the title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding ... arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.