996 So.2d 476 (2008)
Victoria Lynn Anderson ROWELL and Louis Lynn Rowell, Plaintiffs-Appellants
v.
HOLLYWOOD CASINO SHREVEPORT, et al., Defendants-Appellees.
No. 43,306-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 2008.
*477 J.W. Wiley, for Appellants.
Law Offices of Ronald F. Lattier, LLC by Ronald F. Lattier, Curtis R. Joseph, Jr., Shreveport, for Appellee.
Before CARAWAY, PEATROSS & MOORE, JJ.
PEATROSS, J.
Plaintiff, Victoria Rowell, slipped and fell in a bathroom at the Hollywood Casino ("Hollywood") and sustained injuries. The trial court granted summary judgment in favor of Hollywood and Ms. Rowell appeals. For the reasons stated herein, we affirm.

FACTS
Ms. Rowell slipped and fell in the women's bathroom on the third level (casino level) of the Hollywood. She testified in deposition that the first two stalls were occupied and the third stall had a wet floor sign in the stall behind a closed stall door so she entered the fourth stall. Ms. Rowell further testified that, as she was exiting the stall, she slipped and fell. According to Ms. Rowell, she did not notice the wet floor until after she fell. She testified that the puddle of water was on the floor between the stall door and the toilet.
DiAnna Guinn, Hollywood's security EMT, responded to the call about Ms. Rowell's accident. An affidavit of Ms. Guinn states that a wet floor caution cone was located between the sink and third stall door. Hollywood admitted that there was a wet substance on the floor, i.e., it had either been mopped or there was a spill, and that was why the wet floor cone was present. Gail Casey, the public area supervisor for Hollywood, provided deposition testimony that it was the policy of the casino to place two wet floor signs in an area recently mopped or where a spill has occurred in order to alert persons to be cautious.

DISCUSSION
On the motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966. If, however, the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material facts remain. La. C.C.P. art. 966(C)(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Wells v. Red River Parish Police Jury, 39,445 (La.App.2d Cir.3/2/05), 895 So.2d 676, writ not considered, 05-0854 (La.5/13/05) 903 So.2d 438. If the plaintiff fails to meet this burden, then there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C. P. art. 966(C)(2); Power Marketing Direct, Inc. v. Foster, 05-2023 (La.9/6/06), 938 So.2d 662. Appellate review of the grant or denial of summary judgment is de novo. Wells v. Red River Parish Police Jury, supra.

*478 Merchant Status under 9:2800.6

We will first address the argument made by Ms. Rowell in her first assignment of error urging that the trial court legally erred in applying La. R.S. 9:2800.6 to this case because, according to Ms. Rowell, the casino does not qualify as a merchant under that statute. We disagree.
La. R.S. 9:2800.6 defines merchant as
one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
Ms. Rowell cites the testimony of Ms. Casey, who testified that Hollywood does not sell items on the gaming floors, including the third floor, of the casino, nor are there any gift shops on that floor. Ms. Rowell further argues that, when this statute was passed, gaming was not yet authorized in Louisiana; and, therefore, a casino could not have been contemplated as a merchant under the statute. While Ms. Rowell is correct in that the statute was amended in 1996 and the definition was not changed to specifically include casinos, since that date, this court has applied the provisions of La. R.S. 9:2800.6 to casinos as merchants. See Harrison v. Horsheshoe Entertainment, 36,294 (La.App.2d Cir.8/14/02), 823 So.2d 1124. This argument is without merit.

Summary Judgment
In her second assignment of error, Ms. Rowell asserts that the trial judge committed an error of law by holding that the wet floor did not present an unreasonable risk of harm and that the risk of harm was not reasonably foreseeable by Hollywood. The substantive law that governs negligence claims brought against merchants resulting from accidents caused by a condition existing on or in the merchant's premises, found in La. R.S. 9:2800.6, provides in pertinent part as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care.
Failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 will prove fatal to a plaintiff's case. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081; Hardman v. Kroger Company, 34,250 (La.App.2d Cir.12/6/00), 775 So.2d 1093.
In the case sub judice, Hollywood maintains that the burden is on Ms. Rowell to prove the elements under La. R.S. 9:2800, i.e., unreasonable risk of harm that was reasonably foreseeable, that the merchant *479 created or had constructive or actual notice of the condition prior to the occurrence and that the merchant failed to exercise reasonable care. Hollywood argues that it is undisputed that Ms. Rowell has no knowledge of how the water got on the floor because she testified that she did not see the water until after she fell. Additionally, Ms. Rowell admitted she that had no knowledge of how long the water was on the floor prior to her fall. Hollywood also points to the photographs of Ms. Rowell sitting on the floor of the restroom next to the wet floor sign. In light of these undisputed facts, Hollywood submits that Ms. Rowell cannot carry her burden of proof on the temporal or any other element under the statute; therefore, according to Hollywood, summary judgment was properly granted. Our de novo review of the record leads us to the same conclusion.
As previously mentioned, the deposition testimony of Ms. Rowell is that she entered the third floor women's restroom and noticed that the first two stalls were occupied. She testified that she observed a wet floor sign in the third stall and, therefore, chose to use the fourth stall. Upon exiting the stall, Ms. Rowell slipped and fell in a small amount of water on the floor in front of the toilet. She further testified that she did not notice the water before using the restroom or at any time before falling and claims that she had no knowledge of where the water originated or how long it had been there. In addition, Ms. Rowell produced no evidence of knowledge, actual or constructive, on the part of the casino regarding the origin of the liquid or length of time the substance had been on the floor.
Ms. Guinn took photographs of the scene of the accident, which are contained in the record. The photographs clearly show the 24-inch high yellow wet floor caution cone placed near the drain in the middle of the bathroom floor, between the stalls and the sink area. The cone was resting close in proximity to where Ms. Rowell fell, just outside of the fourth stall. In addition, the handwritten description on the photographs indicates that Ms. Rowell was lying next to the wet floor cone when she was first seen by Ms. Guinn. Most significantly, while Ms. Rowell may take issue with the exact location of the wet floor cone, she admits observing the wet floor warning upon entering the women's restroom.
The undisputed facts lead us to conclude that Hollywood successfully proved the absence of factual support for one or more elements essential to Ms. Rowell's claim. The burden then shifted to Ms. Rowell to show that she can meet her evidentiary burden at trial. This she failed to do on this record. Summary judgment was, therefore, properly granted.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Defendant, Hollywood Casino Shreveport, et al., is affirmed at the cost of Plaintiff, Victoria Lynn Anderson Rowell, et al.
AFFIRMED.
CARAWAY, J., dissents with written reasons.
CARAWAY, J., dissenting.
I respectfully dissent since an issue of material fact remains which prevents this summary judgment.
The defendant Hollywood seeks to rely upon its placement of the wet floor sign or cone in the wet bathroom as adequate warning of the hazard. Under these circumstances, it matters not whether Hollywood's fault is to be measured under La. R.S. 9:2800.6 or La. C.C. art. 2317.1. Hollywood *480 had prior knowledge of an existing water hazard which arguably made its property hazardous, presenting an unreasonable risk of harm to its customers. The adequacy of Hollywood's notice through the placement of its wet floor cone is the crux of the question for fault and what remains in dispute.
As acknowledged by the majority, Rowell took issue with the placement of the cone. She said it was inside one of the toilet stalls as she entered the bathroom. One photo taken after the accident indicates to me that the cone was inside a stall. Hollywood insists the cone was in the floor way of the bathroom between the stalls and the sinks, giving general notice of a wet floor in the area of the bathroom where she fell. Another photo shows a different location of the cone supporting Hollywood's view. There was only one cone, and after the accident its location moved from photo to photo.
Placement of the cone inside a stall presents an issue of material fact as to the adequacy of the notice. In the entrance to a stall, the cone may be interpreted as notice of an inoperable toilet or something other than a wet floor throughout the bathroom. Trial is therefore necessary to determine the disputed location of the cone, a genuine issue of material fact.