# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1109

ELIZABETH MELANCON

VERSUS

POPEYE'S FAMOUS FRIED CHICKEN, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-0182-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Gilbert J. Aucoin II**
**Attorney at Law**
**153 S. Court St.**
**Ville Platte, LA 70586**
**(337) 363-2193**
**Counsel for Plaintiff/Appellant:**
**Elizabeth Melancon**

**Lisa Ann McLachlan**
**Musgrave, McLachlan & Penn**
**1515 Poydras St., #2380**
**New Orleans, LA 70112**
**(504) 799-4300**
**Counsel for Defendant/Appellee:**
**TMC Foods, Inc.**

**GREMILLION, Judge**.

The plaintiff, Elizabeth Melancon, appeals the summary judgment granted in favor of the defendant, TMC Foods, LLC (Popeye's Famous Fried Chicken).[1] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, Melancon was proceeding to exit the Popeye's restaurant in Grand Coteau, Louisiana when she slipped and fell on a "slick" floor. She filed suit in January 2009 for injuries as a result of the fall. In June 2010, TMC filed a Motion for Summary Judgment urging that the condition complained of did not create an unreasonable risk of harm and that it exercised reasonable care in maintaining the floor of the restaurant. Following a hearing in July 2010, the trial court granted summary judgment in favor of TMC finding that there were no genuine issues of material fact that Melancon will be unable to satisfy her burden of proof at trial. Melancon now appeals and assigns as error the trial court's grant of summary judgment in favor of TMC, urging that genuine issues of material fact exist regarding whether the freshly mopped floor created an unreasonable risk of harm.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P.

---

[1]Melancon incorrectly named the defendant as "Popeyes Famous Fried Chicken." However, in her first amending and supplemental petition, she named TMC Foods, LLC as the proper party defendant.

art. 966(B) and (C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admission on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

## DISCUSSION

To maintain a slip and fall action, Melancon must prove the usual requirements of a negligence action, plus those found in La.R.S. 9:2800.6 which states in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action. *White v. Wal-Mart Stores, Inc.,* 97-0393 (La. 9/9/97), 699 So.2d 1081.

Melancon testified via deposition that after ordering and receiving her food she turned away from the counter to exit the restaurant. She stated that "there were no wet floor signs anywhere, and I just – I took one step into the wet zone and fell." She said the floor did not have a puddle but was "slick." She testified an employee had mopped the store while she was at the counter, again reiterating that they did not put any "wet floor" signs out to warn customers. Melancon admitted to drinking two beers approximately five hours before she slipped.

Video surveillance from the Popeye's restaurant shows two bright yellow standard "wet floor" signs in the Popeye's restaurant—one near the counter and the other at the entrance, both of which are readily visible to anyone entering the store. Upon entering the Popeye's restaurant, Melancon walks directly past a bright yellow "wet floor" sign. It then shows her turning from the counter, food in hand, looking directly at a bright yellow mop bucket. She then walks past a "wet floor" sign and directly past the employee who is mopping the floor. The only explanation for Melancon's lack of awareness regarding the wet floor is her inattentiveness.

Nevertheless, Melancon argues that TMC should only mop its floors when the store is closed and that mopping during business hours creates an

3

unreasonable risk of harm. This is an unreasonable duty to impose upon store owners. There are a multitude of reasons, including patron safety, requiring that store owners clean up various spills on their floors and provide a clean environment. Jurisprudence has specifically found that mopped floors do not create an unreasonable risk of harm when the appropriate signage is used to warn patrons of the condition of the floor. *See Rowell v. Hollywood Casino Shreveport*, 43,306 (La.App. 2 Cir. 2008), 996 So.2d 476; *Lee v. Ryan's Family Steak Houses, Inc.,* 06-1400 (La.App. 1 Cir. 5/4/07), 960 So.2d 1042, *writ denied*, 07-1577 (La. 10/12/07), 965 So.2d 405.

Popeye's exercised reasonable care by placing two different "wet floor" signs to alert customers that the floor had been mopped. Based on the evidence before this court, there is no genuine issue of fact that Melancon will be unable able to prove that TMC did not adequately warn of its freshly mopped floor with the many and obvious signs indicating "wet floors." Accordingly, summary judgment was properly granted in TMC's favor.

## CONCLUSION

The judgment of the trial court in favor of the defendant-appellant, TMC Foods, LLC, is hereby affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Elizabeth Melancon.

**AFFIRMED.**

4