# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-294

**SYBIL SCHROEDER**

**VERSUS**

**HANOVER INSURANCE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-5126
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, Elizabeth A. Pickett, Van H.
Kyzar, and Candyce G. Perret, Judges.


**MOTION GRANTED AND MADE PEREMPTORY; JUDGMENT
REVERSED; MOTION FOR SUMMARY JUDGMENT GRANTED;
MATTER DISMISSED.**

**Saunders, J., dissents and would find no error in the trial court's ruling.**


Paul Edward Mayeaux
1421 N. Causeway Boulevard, Suite 100
Metairie, LA   70570
(504) 831-1031
COUNSEL FOR PLAINTIFF/RESPONDENT:
    Sybil Schroeder

**Kristen B. Guidry**
**Law Offices of Robert D. Ford**
**111 Veterans Memorial Boulevard, Suite 1670**
**Metairie, LA   70005**
**(337) 504-6366**
**COUNSEL FOR DEFENDANTS/RELATORS:**
    **AIX Specialty Insurance Company**
    **Kings Travel Plaza Corporation d/b/a PGS Diner**

**AMY, Judge.**

The plaintiff filed suit against the defendant travel plaza and its insurer alleging that, while a customer at the business, she sustained injury due to a fall on a wet floor. The travel plaza and its insurer filed a motion for summary judgment, asserting that the plaintiff would be unable to satisfy her burden of proof that it failed to exercise reasonable care in adequately warning of the wet floor. After the trial court denied the motion for summary judgment, the defendants filed the present application for supervisory writs. For the following reasons, we grant the writ and, by decree below, dismiss the plaintiff's suit against the defendants.

### Factual and Procedural Background

Sybil Schroeder alleged in the petition for damages instituting this matter that she sustained physical injury and related damages when she slipped and fell while in the restroom of a travel plaza on December 27, 2014. The plaintiff named Kings Travel Plaza Corp. d/b/a PGS Diner and its insurer as defendants.

The defendants filed a motion for summary judgment asserting that the plaintiff would be unable to satisfy her evidentiary burden of proof at trial that the travel plaza failed to exercise reasonable care in the condition of its floor. In particular, the defendants noted the plaintiff's deposition wherein she explained that she noticed two "wet floor" signs before her fall. In opposition, and although she acknowledged having seen "wet floor" signs before she fell, the plaintiff asserted that genuine issues of material fact remained due to her allegations that "[i]t was the excessive amount of water left on the floor and the excessive amount of soap therein that created an unreasonable risk of harm." She alleged that such a "risk of harm is not cured by the use of wet floor signs under the facts at issue in this case."

Following a March 2018 hearing, the trial court denied the defendants' motion for summary judgment. The defendants sought supervisory writs from that denial.[1] By order dated June 27, 2018, this court granted the writ and allowed the parties time to file additional briefs and to request oral argument pursuant to La.Code Civ.P. art. 966(H). In this regard, La.Code Civ.P. art. 966(H) provides: "On review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument."[2] The parties neither filed additional briefs nor requested oral argument. Accordingly, we turn to consideration of the application by which the defendants challenge the trial court's denial of the motion for summary judgment.

**Discussion**

Louisiana Code of Civil Procedure Article 966 allows a party to seek summary judgment, which "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art 966(A)(3). The burden of proving entitlement to summary judgment "rests with the mover." In cases such as

---

[1] This court has previously explained that "[s]ince the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possibly useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling." *Blanchard v. Mitchell*, 17-444, p. 1 (La.App. 3 Cir. 7/12/17), 233 So.3d 719, 720 (citing *Louviere v. Byers*, 526 So.2d 1253 (La.App. 3 Cir.), *writ denied*, 528 So.2d 153 (La.1988)).

[2] Louisiana Court of Appeal Third Circuit Internal Rules, Internal Rule 30 further provides:

> When this Court issues an order in a summary judgment proceeding assigning a case for briefing and permitting the parties an opportunity to request oral argument in accordance with La.Code Civ.P. art. 966.H, the parties shall have fourteen (14) days from the mailing of this order within which to file a motion requesting oral argument on the merits. The motion shall state the reasons why oral argument is necessary and shall be accompanied with the appropriate filing fee.

2

the present, where the defendants are not required to bear the burden of proof at trial, La.Code Civ.P. art. 966(D)(1) provides:

> Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A reviewing court considers a trial court's judgment on a motion for summary judgment pursuant to the de novo standard. *Larson v. XYZ Ins. Co.*, 16-0745 (La. 5/3/17), 226 So.3d 412.

With regard to merchant liability, La.R.S. 9:2800.6, states, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

By their motion, the defendants asserted that the plaintiff would be unable to prove that the travel plaza "failed to exercise reasonable care" as two "wet floor" signs had been placed in or near the restroom where the fall occurred. In support of their motion, the defendants referenced *Melancon v. Popeye's Famous Fried Chicken*, 10-1109 (La.App. 3 Cir. 3/16/11), 59 So.3d 513. As in the present matter, the plaintiff

3

in *Melancon* alleged a slip and fall on a recently mopped floor in a commercial establishment. Unlike in the present case, however, the plaintiff in *Melancon* denied the presence of "wet floor" signs. Despite such a denial, the panel explained that:

> Video surveillance from the Popeye's restaurant shows two bright yellow standard "wet floor" signs in the Popeye's restaurant—one near the counter and the other at the entrance, both of which are readily visible to anyone entering the store. Upon entering the Popeye's restaurant, Melancon walks directly past a bright yellow "wet floor" sign. It then shows her turning from the counter, food in hand, looking directly at a bright yellow mop bucket. She then walks past a "wet floor" sign and directly past the employee who is mopping the floor. The only explanation for Melancon's lack of awareness regarding the wet floor is her inattentiveness.

*Melancon*, 59 So.3d at 515-16. Thus, the panel affirmed the trial court's grant of summary judgment in favor of the defendant merchant.

In affirming the trial court's ruling, the *Melancon* panel rejected the plaintiff's argument that the merchant "should only mop its floor when the store is closed and that mopping during business hours creates an unreasonable risk of harm." *Melancon*, 59 So.3d at 516. Such an assertion was instead observed to be "an unreasonable duty to impose upon store owners." *Id.* The panel explained that, in fact, "[j]urisprudence has specifically found that mopped floors do not create an unreasonable risk of harm when the appropriate signage is used to warn patrons of the condition of the floor." *Id.* (citing *Rowell v. Hollywood Casino Shreveport*, 43,306 (La.App. 2 Cir. 9/24/08), 996 So.2d 476; *Lee v. Ryan's Family Steak Houses, Inc.*, 06-1400 (La.App. 1 Cir. 5/4/07), 960 So.2d 1042, *writ denied*, 07-1577 (La. 10/12/07), 965 So.2d 405). The *Melancon* panel concluded by stating that:

> Popeye's exercised reasonable care by placing two different "wet floor" signs to alert customers that the floor had been mopped. Based on the evidence before this court, there is no genuine issue of fact that Melancon will be unable to prove that [the defendant] did not adequately warn of its freshly mopped floor with the many and obvious signs indicating "wet floors."

*Id.* at 516.

Turning to the parties' submissions in this matter, we note that the defendants submitted the plaintiff's petition for damages, as well as excerpts of her deposition in support of their motion. By that deposition, the plaintiff explained that:

> The automatic door opened, there was an industrial grade rug right there. I wiped my feet on the rug. The other door opened, there was another industrial grade rug there. I wiped my feet again. I walked to go to the bathroom. I noticed the wet sign that the floor was wet.

When counsel inquired as to the location of the referenced sign, the plaintiff responded: "To the best of my recollection, there was one - - like, when you go in there the bathroom is split like that, I mean, a female and a male. There was one right there and then there was another one sitting right there." The plaintiff subsequently explained that when she stepped into the restroom, she looked at the floor and observed "[t]hat the floor was wet." When counsel inquired as to the subsequent events, the plaintiff responded:

> A. I continued to walk in. I passed up these two stalls and I went to the handicapped. The door was open. As I was - - I took another step, and as I took that step, somebody jumped out of the stall.
>
> Q. Out of the handicapped stall?
>
> A. Yes. I fell. My feet came from under me, jammed up against the wall like this. I had a - - I hit my leg on the side, so I had a contusion there.

The plaintiff alleged bodily injuries from the resulting fall.

In opposition to the motion, the plaintiff attached her affidavit, wherein she reported, in part, that:

> 2. Upon entering King's Plaza I decided to use the lady's restroom to my left. As I approached the lady's restroom, I noticed a wet floor sign and consciously exercised more caution as I entered the lady's room.

3. Despite exercising increased caution, I fell on the floor in the King's Plaza lady's room. Once on the ground, I realized that my clothing was soaking wet and that the amount of water and disinfectant smelling and slippery component of the water was extreme. The floor was so wet, that hours later after my daughter met me at the emergency room, went to King's Plaza and picked up [my] car that my clothes were still soaking wet. Obviously[,] a damp floor from normal mopping would not saturate my clothes to remain soaking wet for hours.

By her attached memorandum in opposition, the plaintiff thus asserted that the floor created an unreasonable risk of harm and that the "risk of harm [was] not cured by the use of wet floor signs under the facts at issue in this case." The plaintiff further cited jurisprudence for the proposition that: "It is well settled law in Louisiana that floors which are wet from mopping have been found to [] create [an] unreasonable risk of harm that is reasonably foreseeable." *Citing Harrison v. Horseshoe Entm't*, 36,294 (La.App. 2 Cir. 8/14/02), 823 So.2d 1124; *Carter v. Brookshire Grocery Co.*, 29,166 (La.App. 2 Cir. 2/26/97), 690 So.2d 933, *writ denied*, 97-0782 (La. 5/01/97), 693 So.2d 743; *Knower v. Peranio*, 96-105 (La.App. 5 Cir. 7/1/96), 678 So.2d 574, *writ denied*, 96-2004 (La. 11/8/96), 683 So.2d 270; and *Sampson v. Lemoine*, 94-1568 (La.App. 3 Cir. 5/3/95), 657 So.2d 181. However, reference to those cases reveals important distinctions undermining the plaintiff's contention.

For instance, in *Harrison*, 823 So.2d at 1129, the second circuit explained, upon review of *Carter*, 690 So.2d 933, *Knower*, 678 So.2d 574, and *Sampson*, 657 So.2d 574, that the earlier cases "do not establish that a floor wet from mopping is negligence *per se* or always creates an unreasonable risk of harm." The *Harrison* panel ultimately affirmed the jury's verdict denying the plaintiff's recovery. *Id.* As for *Sampson*, 657 So.2d at 183, a panel of this court explained therein that a jury found that the defendant merchant "exercised reasonable care in its mopping operations." The panel affirmed that finding of fact on review.

6

Finally, reference to *Carter*, 690 So.2d 933, indicates that, although the second circuit affirmed a trial court's finding of the defendant merchant's liability in that case, the present matter is factually distinguishable. Notably, the second circuit observed that the warning signs utilized by the defendant in *Carter* were not readily visible where the plaintiff fell and were placed too far apart. *Id.*

In this case, and while the plaintiff focuses on whether genuine issues of material fact exist with regard to a condition presenting an unreasonable risk of harm pursuant to La.R.S. 9:2800.6(B)(1), it is clear that no such genuine issue of material fact exists as to whether the store exercised reasonable care pursuant to La.R.S. 9:2800.6(B)(3). Louisiana Revised Statutes 9:2800.6 indicates that the plaintiff has the burden of proving all elements of his or her cause of action. *See also White v. Wal-Mart Stores, Inc.*, 97-0393, p. 5 (La. 9/9/97), 699 So.2d 1081, 1085 (providing that "La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden[.]").

Aside from the plaintiff's argument, the submissions establish that "wet floor" signs were in place and, by the plaintiff's admission, she saw those signs. *See, e.g.*, *Melancon*, 59 So.3d 513 (determining that the defendant merchant exercised reasonable care by its placement of "wet floor" signs so as to alert customers of the mopped floor). Accordingly, we conclude that the plaintiff has failed "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1).

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. Summary judgment is granted in favor of the defendants/relators, AIX Specialty Insurance Company and Kings Travel Plaza Corp., d/b/a PGS Diner, dismissing the claims of the plaintiff/respondent, Sybil Shroeder, with prejudice at her cost.

**WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT REVERSED; MOTION FOR SUMMARY JUDGMENT GRANTED; MATTER DISMISSED.**