| CHRISTINE PERRIN | * | NO. 2019-CA-0265 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| OCHSNER BAPTIST | * | |
| MEDICAL CENTER, LLC, | | FOURTH CIRCUIT |
| AND ABC INSURANCE | * | |
| COMPANY | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-05457, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany G. Chase)

**DYSART, J., DISSENTS.**

Leo J. Palazzo
Jason J. Markey
PALAZZO LAW FIRM
732 Behrman Highway, Suites F&G
Gretna, LA 70056

      COUNSEL FOR PLAINTIFF/APPELLANT

Joseph J. Lowenthal, Jr.
Madeleine Fischer
JONES WALKER, L.L.P.
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170-5100

      COUNSEL FOR DEFENDANT/APPELLEE

              **AFFIRMED**
              **AUGUST 7, 2019**

In this slip and fall negligence action, Christine Perrin (hereinafter "Ms. Perrin"), seeks review of the trial court's January 24, 2018 judgment granting the motion for summary judgment filed by Ochsner Baptist Medical Center, LLC (hereinafter "Ochsner"). After consideration of the record before this Court, and the applicable law, we affirm the judgment of the trial court for the following reasons.

## FACTUAL AND PROCEDURAL HISTORY

The material facts of this case are not in dispute. On June 18, 2013, Ms. Perrin arrived at Ochsner Baptist hospital for a scheduled appointment. Entering the second floor of the Clara building from the parking garage, she encountered a scene as depicted by her own photograph and diagram submitted into evidence.[1] The carpeted waiting area was wet, having been cleaned earlier in the day. A blower fan sat in the middle of the carpeted area, and two yellow caution signs were positioned on the tile walkway near the two entrances. Ms. Perrin walked

---

[1] Ochsner did not dispute that the photograph and diagram accurately represent the scene at the time of the accident. Described succinctly, the area consisted of a square carpeted section bounded by two tiled walkways. Roughly half of the border between the walkways and carpeted section were blocked by rectangular planters. The two unblocked sections – positioned diagonally from each other – allowed for entrance into the carpeted area.

1

across the carpeted area towards the registration desk. In her deposition testimony she stated that, at the time of her crossing, she did not see any caution signs. She did notice the blower and thought the carpet might have been wet. As she stepped off the carpeted area onto the tiled walkway, she slipped, fell, and allegedly sustained injuries. A "code sprint" was called to alert hospital staff that a visitor had fallen. Arriving at the scene were Chaplain Sherryl Billot, Nurse Melissa Kent (hereinafter "Nurse Kent"), and Security Officer Andre Russo (hereinafter "Officer Russo"). Ms. Perrin was eventually transported to the emergency room. Officer Russo conducted an interview with Ms. Perrin, and all of the responding Ochsner employees completed incident reports.

Ms. Perrin filed suit, alleging Ochsner was negligent and strictly liable for the injuries she sustained. Ochsner filed for summary judgment arguing Ms. Perrin could not prove the element of duty as the wet carpet, marked with caution signs and a blower, was open and obvious and did not present an unreasonable risk of harm. Ms. Perrin opposed alleging the existence of numerous issues of material fact, which precluded summary judgment. A hearing was held on December 1, 2017. Ruling from the bench, the trial court granted Ochsner's motion for summary judgment based on the open and obvious doctrine as the caution signs gave reasonable notice that a potential risk awaited if someone were to traverse the area.[2] The judgment was reduced to writing on January 24, 2018.

---

[2] The trial court also struck exhibits 8 and 9 of Ms. Perrin's opposition brief consisting of a printout from an internet website and a pamphlet from a carpet manufacturer found via a Google search. These documents were never produced in discovery or properly authenticated. *See Schully v. Hughes*, 2000-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222 (unauthenticated documents do not become magically admissible by virtue of stapling them to a motion or opposition to summary judgment). This ruling was included in the January 24, 2018 judgment.

Ms. Perrin filed a motion for new trial which was heard on September 12, 2018. The trial court denied the motion determining that, upon reviewing the record and photographs, there was no additional information provided that would suggest the original judgment was contrary to the law. This appeal followed.

## STANDARD OF REVIEW

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria that govern a trial court's determination of whether summary judgment is appropriate. *Maddox v. Howard Hughes Corp.*, 2019-0135, p. 4 (La.App. 4 Cir. 4/17/19), 268 So.3d 333, 337 (collecting cases). Louisiana C.C.P. art. 966(A)(3) provides "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." In *Maddox*, this Court observed:

> A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 13-1606, p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith, supra*).

*Maddox*, 2019-0135, p. 5, 268 So.3d at 337. Thus, our inquiry focuses on whether reasonable minds would inevitably conclude that Ochsner is entitled to judgment as a matter of law on the facts before this Court. *See Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793.

3

Absent any material factual issue, summary judgment is appropriate when a condition is open and obvious such that it does not present an unreasonable risk of harm. *See Jones v. Stewart*, 2016-0329, p. 14 (La.App. 4 Cir. 10/5/16), 203 So.3d 384, 393 (observing that "in a trio of cases, [the Louisiana Supreme Court has] held that, absent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and thus does not present an unreasonable risk of harm") (citing *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So.3d 851; *Rodriguez v. Dolgencorp, LLC*, 2014-1725 (La. 11/14/14), 152 So.3d 871; *Allen v. Lockwood*, 2014-1724 (La. 2/13/15), 156 So.3d 650).

Ochsner must first meet its burden to produce evidence pointing out the lack of factual support for an essential element of Ms. Perrin's case, demonstrating that because the complained-of condition was obvious and apparent and was reasonably safe for guests exercising ordinary care and prudence, it had no duty to extend additional warnings to its guests. *See Bufkin*, 2014-0288, p. 12, 171 So.3d at 859; La. C.C.P. art. 966(D)(1). The burden would then shift to Ms. Perrin to come forward with evidence that she would be able to meet her burden to show a duty on the part of Ochsner. *Id*.

### DISCUSSION

Although Ms. Perrin presents eight assignments of error for review, we address the relevant issues on appeal in two parts to determine whether the parties have met their respective burden under the summary judgment standard. First, Ms. Perrin disputes whether Ochsner has met its initial burden to show the hazard was open and obvious; that is, that she would be unable to meet her burden at trial to prove the element of duty. Second, in the alternative, Ms. Perrin argues she has

4

carried her countervailing burden to show genuine issues of material fact remain in dispute thus precluding summary judgment. In order to provide a framework for our discussion of the issues, it is necessary to provide a brief overview of the law of negligence.

Ms. Perrin asserts Ochsner was negligent by creating the unreasonably dangerous condition of the wet carpet. Negligence is defined as "conduct which falls below the standard of care established by law for the protection of others against an unreasonable risk of harm." *Detraz v. Lee*, 2005-1263, p. 8 (La. 1/17/07), 950 So.2d 557, 562 (citing *Dobson v. Louisiana Power & Light Co.*, 567 So.2d 569, 574 (La. 1990)). A hospital owes a duty to exercise reasonable care for the safety of its visitors, but that duty is less than the duty owed by a merchant. *See Mosley v. Methodist Health Systems Foundation, Inc.*, 1999-3116, p. 4 (La.App. 4 Cir. 11/15/00), 776 So.2d 21, 23 (citing *Reynolds v. St. Francis Medical Center*, 597 So.2d 1121, 1123 (La.App. 2d Cir. 1992)); *Terrance v. Baton Rouge General Medical Center*, 2010-0011, p. 4 (La.App. 1 Cir. 6/11/10), 39 So.3d 842, 844. Although Ms. Perrin styles this action as a premises liability and negligence claim, Ochsner submits it is strictly a slip and fall negligence claim governed by La. C.C. art. 2315.[3]

---

[3] This Court has noted the distinction between defects that are merely "on" the premises (such as, in the instant case, water or other substances) versus defects that are "in" the premises due to faulty construction or design. *See Samuels v. United Fire and Cas. Ins. Co.*, 2014-0505, pp. 7-8 (La.App. 4 Cir. 10/15/14), 2014 WL 5310497 (*unpub*).

We have further noted it is an open question as to whether the open and obvious doctrine applies to a general negligence claim versus a premises liability claim, but the question was pretermitted as disposition of the appeal made it unnecessary to reach it. *See Jones*, 2016-0329, p. 10, 203 So.3d at 390-91. However, our Supreme Court has applied the open and obvious doctrine to a slip and fall negligence action. *See Eisenhardt v. Snook*, 2008-1287, p. 5 (La. 3/17/09), 8 So.3d 541, 544; *see also Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238, pp. 21-22 (La. 4/5/13), 113 So.3d 175, 191 (noting the open and obvious doctrine was applicable despite the fact "the complained-of condition in *Eisenhardt* was not a defective variation in the stairs").

Louisiana courts apply a duty-risk analysis in determining whether liability for negligence exists under the facts of a given case. *Bufkin*, 2014-0288, p. 4, 171 So.3d at 855. Under this analysis, a plaintiff must prove five separate elements: 1) the defendant had a duty to conform their conduct to a specific standard of care; 2) the defendant failed to conform their conduct to this standard; 3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; 4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and 5) actual damage. *Bufkin*, 2014-0288, p. 4-5, 171 So.3d at 855.

The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff. *Id.*, 2014-0288, p. 5, 171 So.3d at 855. Whether a duty is owed is a question of law. *Id.* Courts apply a risk-utility balancing test to determine whether a condition is unreasonably dangerous such that a corresponding duty exists. *Id.*, 2014-0288, p. 6, 171 So.3d at 856. The risk-utility balancing test considers four factors: 1) the utility of the complained-of condition; 2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; 3) the cost of preventing the harm; and 4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous in nature. *Id.* The second factor of the risk-utility test inquires whether the allegedly dangerous condition was open and obvious. *Id.*, 2014-0288, p. 7, 171 So.3d at 856. It is this inquiry that is at the center of Ms. Perrin's appeal.

### OPEN AND OBVIOUS

"Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent." *Id.* In order for an alleged hazard to be obvious and apparent, it should be one that is open and obvious to everyone who may potentially encounter it. *Id.* The focus on global knowledge versus the

knowledge of an individual distinguishes the open and obvious doctrine from assumption of risk by a particular plaintiff. *Jones*, 2016-0329, p. 13, 203 So.3d at 392 (citing *Broussard*, 2012-1238, p. 18, 113 So.3d at 188). A pedestrian has a corresponding duty to see that which should be seen and observe whether their pathway is clear. *Hutchinson v. Knights of Columbus, Council No. 5747*, 2003-1533, p. 9 (La. 2/20/04), 866 So.2d 228, 235. The inquiry is thus whether an alleged hazard was open and obvious and reasonably safe for a person exercising ordinary care and prudence. *Bufkin*, 2014-0288, p. 10, 171 So.3d at 858.

Recently, this Court surveyed the relevant jurisprudence on the open and obvious doctrine. *Lafaye v. SES Enterprises, LLC*, 2018-0905 (La.App. 4 Cir. 12/26/18), ___ So.3d ___, 2018 WL 6797293, *writ denied*, 2018-0258 (La. 4/8/19), 267 So.3d 609. In *Lafaye*, plaintiff sought damages sustained when she tripped over a three-inch diameter sanitation hose suspended over the sidewalk. *Id*., 2018-0905, pp. 1-2, ___ So.3d at ___. In reversing the trial court's denial of summary judgment, we found that, despite the lack of any caution signs or barricades, no duty was owed as the hose presented an open and obvious condition that could have been avoided by the plaintiff exercising ordinary care and walking around the truck to which the hose was attached. *Id*., 2018-0905, p. 5, ___ So.3d at ___.

Ochsner submits the scene of the accident is accurately depicted by evidence provided by Ms. Perrin: the photograph showing two yellow caution signs and her own hand-drawn diagram. We find this evidence alone was sufficient for Ochsner to meet its initial burden of establishing that Ms. Perrin will not be able to meet her burden of proving the element of duty. *See Bufkin*, 2014-2088, p. 3, 171 So.3d at 854 (no duty owed as large and clearly marked construction dumpster was obvious and apparent); *Rodriguez*, 2014-1725, pp. 1-2, 152 So.3d at 872 (no duty owed as

7

shopping carts in a parking lot were open and obvious and plaintiff could observe the potential risk); *Allen*, 2014-1724, 156 So.3d at 653 (no duty owed as unpaved, grassy parking area was obvious and apparent to anyone who might encounter it); *Ludlow v. Crescent City Connection Marine Div.*, 2015-1808 (La. 11/16/15), 184 So.3d 21 (no duty owed as danger in sitting on concrete barrier near a steep precipice was obvious and apparent to anyone who might encounter it). When the undisputed facts show a hazard is open and obvious, it does not present an unreasonable risk of harm, and there is no duty to protect against it.

The scene encountered by Ms. Perrin is of the type that any visitor might encounter on a daily basis when entering a hospital or other building open to the public.[4] *See Bufkin*, 2014-2088, p. 10, 171 So.3d at 858; *Bertaut v. Corral Gulfsouth, Inc.*, 2016-0093, p. 5 (La.App. 5 Cir. 12/21/16), 209 So.3d 352, 357 ("[a]n approximately three-foot high yellow warning cone containing the universal symbol for wet floor is considered adequate to alert a patron of a hazardous condition") (citing *Lee v. Ryan's Family Steak Houses, Inc.*, 2006-1400, p. 10 (La.App. 1 Cir. 5/4/07), 960 So.2d 1042, 1047). An ordinary reasonable person, exercising their corresponding duty to see their pathway is clear, is aware of the meaning of a yellow caution sign sitting on a floor. Pursuant to La. C.C.P. art. 966(D)(1), the burden then shifted to Ms. Perrin to set forth specific facts to show genuine issues of material fact on the requisite element of duty in her negligence action.

---

[4] Unlike the plaintiff in *Jones*, in the instant case there is no need to provide context or qualify the plaintiff as a reasonable person with additional specific knowledge of facts related to the case. 2016-0329, p. 25, 203 So.3d at 399-400.

**MS. PERRIN'S ALLEGED GENUINE ISSUES OF MATERIAL FACT IN DISPUTE**

Summary judgment is appropriate where no genuine issue of material fact exists that the complained-of condition did not create an unreasonable risk of harm. *Ferguson v. American Empire Surplus Lines Insurance Co.*, 2019-0061 (La.App. 4 Cir. 5/22/19), ___ So.3d ___, 2019 WL 2223314 (Brown, J., concurring) (quoting *Primeaux v. Best Western Plus Houma Inn*, 2018-0841, p. 9 (La.App. 1 Cir. 2/28/19), ___ So.3d ___, 2019 WL 989727); *Allen*, 2014-1724, 156 So.3d at 653.

We organize Ms. Perrin's rebuttal to Ochsner's prima facie case into two main contentions of alleged disputes of material fact. First, she contends there is evidence that the placement of the two yellow caution signs was confusing to Ochsner's visitors. Second, she contends there is evidence that Ochsner failed to follow its own internal procedures in alerting and safeguarding its visitors from the hazard of the wet carpet. We address each of these contentions in turn.

### *Positioning of Caution Signs*

Relying on *Carter v. Brookshire Grocery, Co.*, 29,166, pp. 5-6 (La.App. 2 Cir. 2/26/97), 690 So.2d 933, 937, Ms. Perrin contends the positioning of the caution signs on the border of the tile and carpet made it unclear to visitors which one of the surfaces were wet. She buttresses this argument with her own deposition testimony that she did not see the sign at the time of the accident and the deposition testimony of Nurse Kent who stated other visitors continued to walk through the area and over Ms. Perrin as she was attended to on the ground.[5]

---

[5] Ms. Perrin further relies on the deposition testimony of Officer Russo wherein he testified that the placement of the caution signs might be confusing. However, in her deposition, Nurse Kent interpreted the caution sign to mean that "everything in the area, tile, carpet … it all could be wet and that I need to use caution in all of the area."

9

Ochsner counters that *Carter* is distinguishable because therein the court noted the caution signs were "turned in such a manner that a person walking up an intersecting store aisle would have difficulty reading them." *Id.* We agree. The jurisprudence has held that where caution signs are set up within a clear line of sight of visitors, there is no genuine issue of material fact that a wet floor does not create an unreasonable risk of harm. *See Schroeder v. Hanover Insurance, Co.*, 2018-0294, p. 7 (La.App. 3 Cir. 9/19/18), 255 So.3d 1123, 1127 (citing *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, pp. 3-4 (La.App. 3 Cir. 3/16/11), 59 So.3d 513, 516); *Schroeder v. Walgreens Family of Companies*, 2014-0322, p. 6 (La.App. 4 Cir. 9/24/14), 150 So.3d 926, 929, *rev'd on other grounds*, 2014-2238 (La. 1/23/15), 159 So.3d 449 ("when proper signage is used to warn patrons of the floor's condition, a wet floor does not create an unreasonable risk of harm") (citing *Rowell v. Hollywood Casino Shreveport*, 43, 306, pp. 5-6 (La.App. 2 Cir. 9/24/08), 996 So.2d 476, 479).

The undisputed evidence from the photograph and diagram reveals a clear line of sight to the caution sign for anyone entering from Ms. Perrin's vantage point. The subjective knowledge of an individual, while of some evidentiary value that a condition was observable, is not dispositive of whether the condition was open and obvious to all. *See Bastian v. Rosenthal*, 2017-0284, p. 10 (La.App. 4 Cir. 12/20/17), 234 So.3d 1022, 1028 (citing *Broussard*, 2012-1238, p. 18, 113 So.3d at 188-89); *Turner v. Brookshire Grocery Co.*, 34,562, p. 6 (La.App. 2 Cir. 4/4/01), 785 So.2d 161, 165 (despite plaintiff's denial she saw any warning signs, she had opportunity to observe the warning sign upon entering); *Melancon*, 2010-1109, p. 3, 59 So.3d at 516 (as plaintiff walked directly past the wet floor sign "[t]he only explanation for [her] lack of awareness regarding the wet floor is her

10

inattentiveness"). We find that reasonable persons could only reach one conclusion – that the positioning of the caution signs, coupled with the blower fan, was an open and obvious condition and did not present an unreasonable risk of harm. Thus, we find this contention is without merit.

### Ochsner's Internal Procedures

Ms. Perrin further contends that Ochsner created an unreasonable risk of harm by failing to follow its own internal procedures in three ways: insufficient number of signs, cleaning the entire carpeted area at one time, and not using safety mats. She argues the combination of these failings by Ochsner created a "booby trap," which concealed the danger intended to be protected against.

The only authenticated evidence pertaining to Ochsner's procedures is found in its Carpet Extraction Manual (hereinafter "the manual") and the deposition testimony of Ochsner's Environmental Services Manager, Mr. Warren Foster, Jr. (hereinafter "Mr. Foster").

First, Ms. Perrin argues the fact that Ochsner added more signs and caution tape after the accident confirms the condition, at the time of her accident, was not open and obvious.[6] However, she cites no case law to support the proposition that a certain amount of signs or safeguards are required by law. Our review of the jurisprudence discussed previously in this opinion reveals Louisiana appellate courts have found as little as one sign sufficient based on the circumstances. *See*, *e.g.*, *Bertaut*, 2016-0093, p. 5, 209 So.3d at 357. Further, Mr. Foster testified the staff was trained to mark either side of the entrance to an area with a caution sign. He explained the staff would use their reasonable understanding to determine the

---

[6] In her deposition, Ms. Perrin stated that, later that day on the date of her accident, her husband took a second photograph showing that Ochsner had put up additional caution signs and tape blocking off the carpeted waiting area.

11

number of signs necessary and that at least one sign would be placed at either entrance. Ms. Perrin's own photograph and diagram confirm the number and placement of signs (one at each entrance to the area) in accordance with this procedure.

Ochsner submits there is nothing in the manual that states a carpeted waiting area needs to be completely blocked off. Mr. Foster testified this was not the practice. He explained the placement of caution signs is used to ensure visitors know they need to take caution when walking across recently cleaned areas. Mr. Foster further testified the positioning of the signs near the entrance to an area, coupled with the presence of the blower fan, acted as indicators of a recently cleaned carpet.

Second, Ms. Perrin argues that Ochsner should have only cleaned half the carpeted area at one time leaving the other half dry. However, the manual states the procedure for cleaning half an area at a time, only applies to corridors because visitors need an alternative route of egress. Ms. Perrin fails to cite to any evidence in support of her contention.

Finally, Ms. Perrin argues "walk-off mats" are required as part of the carpet cleaning process. However, this argument is solely derived from unauthenticated documents that were stricken from consideration by the trial court in its judgment. *See*, n. 2, *supra*. Mats are only mentioned once in the manual, and the manual does not describe how a mat is to be used. Mr. Foster unequivocally testified that the mats were not used for safety purposes. He explained the mats were used to place equipment on during cleaning so that the floors would not get dirty.

Ms. Perrin offers no expert testimony, or otherwise properly refutes, the evidence contained in the manual and the testimony given by Mr. Foster regarding

12

Ochsner's internal procedures. "Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact." *Rapp v. City of New Orleans*, 1995-1638, p. 4 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, 437. Thus, we find this contention is without merit.

## CONCLUSION

Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Bufkin*, 2014-0288, p. 11, 171 So.3d at 858. We find Ochsner met its initial burden in showing the condition was open and obvious and shifted the burden to Ms. Perrin.

A lack of factual support for just one element renders summary judgment in favor of the defendant appropriate. *See Alexander v. Toyota Motor Sales, U.S.A.*, 2013-0756, p. 4 (La. 9/27/13), 123 So.3d 712, 714. We find there to be no genuine issues of material fact disputing that the wet carpeted waiting area, marked by caution signs, was open and obvious and thus did not create an unreasonable risk of harm. As Ms. Perrin failed to show she would be able to bear her burden at trial to prove a duty was owed by Ochsner, summary judgment was properly granted by the trial court as a matter of law. Accordingly, the trial court's ruling granting summary judgment in favor of Ochsner Baptist Medical Center, LLC, dismissing it from this action with prejudice, is affirmed.

**AFFIRMED**

13