Judgment rendered September 23, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,561-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

RUSSELL MCDONALD and      Plaintiffs-Appellants
RACHEL MCDONALD

versus

PNK (BOSSIER CITY), LLC,      Defendant-Appellee
D/B/A BOOMTOWN CASINO &
HOTEL

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 156,553-B

Honorable Charles A. Smith, Judge

* * * * *

LAW OFFICE OF ALAN STEGALL     Counsel for Appellants
By: Alan Stegall

LUNN IRION LAW FIRM, LLC      Counsel for Appellee
By: Alexander J. Mijalis
   William H. Priestley, Jr.

* * * * *

Before PITMAN, McCALLUM, and THOMPSON, JJ.

**PITMAN, J.**

Plaintiffs-Appellants Russell McDonald and Rachel McDonald appeal the district court's granting of a motion for summary judgment filed by Defendant-Appellee PNK (Bossier City), d/b/a Boomtown Casino & Hotel ("Boomtown"). For the following reasons, we affirm.

## FACTS

On June 20, 2018, the McDonalds filed a petition alleging that at approximately 4:00 p.m. on July 9, 2017, Mr. McDonald slipped and fell on a foreign substance on the floor of a buffet restaurant located within Boomtown. They stated that he sustained permanent and disabling injuries from the fall. They contended that Boomtown was responsible for maintaining the premises in a reasonably safe condition; created a hazardous condition, i.e., the foreign substance, and/or knew or should have known of the hazardous condition; failed to exercise reasonable care in the maintenance of its business premises; and is vicariously liable for all acts, faults and/or negligence of its employees and agents. They argued that the incident and all damages and injuries sustained by Mr. McDonald were caused by the negligence and/or fault of Boomtown.

On July 18, 2018, Boomtown filed an answer and raised the affirmative defense that the accident and injuries were caused by the fault of Mr. McDonald, in that he failed to see what should have been seen, failed to take note of obvious warning signs placed in his view and failed to exercise reasonable care of his own self. Boomtown stated that Mr. McDonald's fault either barred or proportionally reduced his recovery of damages.

On June 21, 2019, Boomtown filed a motion for summary judgment. It argued that the McDonalds could not meet their burden pursuant to La.

R.S. 9:2800.6 to prove that an unreasonably dangerous condition existed prior to Mr. McDonald's fall and that Boomtown failed to exercise reasonable care. It explained that surveillance video shows that an employee mopped the area where Mr. McDonald fell four minutes before the fall occurred, that the employee adjusted a warning cone in front of the mopped area, that Mr. McDonald fell as he approached the cone and that his right foot struck the cone as he fell. It noted that Mr. McDonald stated in his deposition that he saw the cone before he fell.

On October 11, 2019, the McDonalds filed an opposition to the motion for summary judgment. They contended that they can meet their burden at trial and that genuine issues of material fact exist. They contended that Boomtown created the hazard that caused Mr. McDonald to fall; that the area where he slipped was outside of the area marked off by the cones; that there is sufficient evidence to prove that the water on the floor created an unreasonably dangerous condition; and that Boomtown failed to exercise reasonable care.

A hearing was held on October 28, 2019. The district court found that after viewing the surveillance video and reviewing the depositions, there was no unreasonable risk of harm because warning cones were present. Finding that there were no genuine issues of material fact, the district court granted Boomtown's motion for summary judgment.

On November 25, 2019, the district court signed a judgment granting Boomtown's motion for summary judgment and dismissing the McDonalds' petition with prejudice and at their cost.

The McDonalds appeal.

**DISCUSSION**

In their sole assignment of error, the McDonalds argue that the district court erred in granting Boomtown's motion for summary judgment. They contend that there are genuine issues of material fact concerning whether Boomtown created an unreasonably dangerous condition and failed to exercise reasonable care and that they can meet their burden of proof at trial pursuant to La. R.S. 9:2800.6. They allege that Mr. McDonald fell as he walked outside of the area blocked off by the cones. They state that the mere presence of two cones does not relieve Boomtown of its duty of reasonable care and that the placement of the cones did not provide customers with an adequate warning of the wet floor.

Boomtown argues that there are no genuine issues of material fact and that the McDonalds cannot establish that an unreasonably dangerous condition existed or that it failed to exercise reasonable care as required by La. R.S. 9:2800.6. It states that the following facts are not in dispute: a Boomtown employee mopped the area where Mr. McDonald fell four minutes before the fall, the Boomtown employee adjusted and replaced the warning cone in front of the mopped area, the cone was present where Mr. McDonald fell, Mr. McDonald saw the cone prior to his fall and was so close to the cone that he struck it when he fell. It argues that the McDonalds' assertion that the placement of the cones did not provide sufficient warning is nonsensical. It contends that warning cones are adequate to alert patrons of potentially hazardous conditions and that if such warnings are present, the condition is not unreasonably dangerous and the merchant exercised reasonable care.

3

The procedure for motions for summary judgment is found in La. C.C.P. art. 966, which states that after an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). La. C.C.P. art. 966(D)(1) states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

An appellate court reviews a trial court's granting of summary judgment *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880.

La. R.S. 9:2800.6 states in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

4

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Plaintiffs who slip and fall in merchants' premises bear a heavy burden of proof. *Matlock v. Brookshire Grocery Co.*, 53,069 (La. App. 2 Cir. 11/20/19), 285 So. 3d 76, *writ denied*, 20-00259 (La. 4/27/20), 295 So. 3d 389. Failure by a plaintiff to prove any of the three required elements in La. R.S. 9:2800.6(B) is fatal to the plaintiff's case. *Id*.

In the case *sub judice*, there are no genuine issues of material fact. A review of the surveillance video shows the mopping of the floor, the moving of a warning cone and Mr. McDonald's fall. Further, in his deposition, Mr. McDonald testified that he saw a cone prior to traversing and falling in the area.

The parties' arguments focus on whether Boomtown is entitled to judgment as a matter of law, specifically if it exercised reasonable care in its placement of the warning cones. On *de novo* review, we find that Boomtown established that the McDonalds would not be able to show that the condition, i.e., the foreign substance on the floor, presented an unreasonable risk of harm or that Boomtown failed to exercise reasonable care pursuant to La. R.S. 9:2800.6.

Boomtown exercised reasonable care in its placement of the warning cones. The cones were placed in the middle of the area that was at risk for a fall, and Mr. McDonald's fall occurred so close to the cones that his foot touched a cone when he fell. A warning cone is clearly visible in the

5

surveillance video, and Mr. McDonald admitted to seeing a cone before he approached the area where he slipped and fell.[1]

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's granting of summary judgment in favor of Defendant-Appellee PNK (Bossier City), d/b/a Boomtown Casino & Hotel. Costs of appeal are assessed to Plaintiffs-Appellants Russell McDonald and Rachel McDonald.

**AFFIRMED.**

---

[1] This case is similar to *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476, in which this court determined that the trial court properly granted Hollywood Casino's motion for summary judgment because the plaintiff admitted that she saw the warning cone before she fell.

This case is distinguishable from *Green v. Brookshire Grocery Co.*, 53,066 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1256, in which this court reversed the trial court's granting of summary judgment and determined that there was a genuine issue of material fact concerning whether Brookshire exercised reasonable care. In *Green*, the plaintiff stated that she did not see the warning cone prior to her fall, and this court questioned if the cone's visibility was obstructed by pallets.