NORMAN MILLET AND REVA MILLET

VERSUS

MORAN FOODS, LLC, D/B/A SAVE-A-LOT
#26367 AND ABC INSURANCE COMPANY

NO. 23-CA-227

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 805-540, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

March 13, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel

<u>**AFFIRMED**</u>
**TSM**
**JGG**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
NORMAN MILLET AND REVA MILLET
    John W. Redmann
    Edward L. Moreno
    Travis J. Causey, Jr.
    Benjamin B. Perkins

COUNSEL FOR DEFENDANT/APPELLEE,
MORAN FOODS, LLC D/B/A SAVE-A-LOT STORES, LTD. AND OLD
REPUBLIC INSURANCE COMPANY
    Isaac H. Soileau, Jr.
    Ryan A. Jurkovic

**MARCEL, J.**

In this case arising from a slip-and-fall at a Save-A-Lot store located at 5003 Lapalco Boulevard, plaintiffs Norman and Reva Millet appeal a December 7, 2022 judgment of the trial court granting a motion for summary judgment filed by defendant Moran Foods, L.L.C. d/b/a Save-A-Lot #26367 ("SAL") dismissing with prejudice all of plaintiffs' claims. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

In their petition for damages, plaintiffs allege that Mr. Millet was shopping for food and other items on the premises of the Save-A-Lot store on October 22, 2019 when he slipped and fell on standing water and/or partially melted ice that had collected in the frozen food aisle of the store. Plaintiffs allege that the water or ice amounted to a defect on the premises that created an unreasonably dangerous and/or hazardous condition that caused Mr. Millet's slip-and-fall and resulting injuries.

Defendant SAL filed an answer denying plaintiffs' allegations and raising *inter alia* an open and obvious hazard defense. SAL then filed a motion for summary judgment in which it argued that plaintiffs could not meet the statutory requirement for merchant premises liability provided in La. R.S. 9:2800.6(B) or the essential elements of a standard negligence claim. SAL pointed specifically to the obvious and apparent nature of the alleged defective condition that was marked by two yellow warning cones alerting patrons to the hazard.

Defendant's motion for summary judgment was initially denied because SAL failed to offer, file, or introduce evidence at the hearing. The motion was re-urged and reset, and at the November 28, 2022 hearing, the trial court considered properly introduced evidence and testimony, including video surveillance footage of the accident. After taking the matter under advisement, the trial court granted

summary judgment in favor of SAL and dismissed plaintiffs' claims with prejudice. Plaintiffs' timely appeal followed.

On appeal, plaintiffs argue that the trial court erred in its determination that plaintiffs would be unable to show that the wet floor presented an unreasonably dangerous condition and erred in its application of the "open and obvious" doctrine. We consider these assignments of error in our discussion below.

DISCUSSION

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *David v. Dollar Tree Stores, Inc.*, 19-36, (La. App. 5 Cir. 10/2/19), 282 So.3d 329, 331. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966. If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. In response to a well-pled motion for summary judgment, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. *Id*.

In a slip and fall case against a merchant, a plaintiff must prove the essential elements of a negligence claim in addition to the requirements of the Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6 which states:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
…

The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Bertaut v. Corral Gulfsouth, Inc.*, 16-93, (La. App. 5 Cir. 12/21/16), 209 So.3d 352, 356.

Parties in this case focus their arguments on the first element of La. R.S. 9:2800.6(B)(1), whether the wet floor presented an unreasonable risk of harm. It is undisputed that there was a wet floor or dangerous condition at the time of the accident. Plaintiffs argue that there is a genuine issue of material fact as to whether this condition was unreasonable and hazardous. Defendant argues that they had discovered the dangerous condition alleged to have caused the accident and warned of its existence with two warning signs, thereby rendering the condition "open and obvious."

As the Louisiana Supreme Court has recently clarified, the open and obvious defense is a part of the risk/utility analysis applied in fault-based cases to determine whether the condition encountered created an unreasonable risk of harm.

*Farrell v. Circle K Stores, Inc.*, 22-00849, (La. 3/17/23), 359 So.3d 467, 479. It is not a "doctrine." *Id.* The Court went on to state:

> There is, with limited exception, the duty to exercise reasonable care and to keep that which is within our custody free from an unreasonable risk of harm. If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached.

*Id.* at 478.

The Supreme Court therefore frames the "open and obvious" defense to an unreasonably dangerous condition as an issue of breach, not of duty. *Id.* at 480.

Engaging in the risk/utility balancing test or further discussion of the open and obvious defense in this case is unnecessary here. We find the evidence presented by SAL, including the video surveillance footage of the incident, will be insufficient for plaintiffs to meet their burden to demonstrate SAL's failure to exercise reasonable care under the circumstances as required under La. R.S. 9:2800.6(B)(3). *See Schroeder v. Hanover Ins. Co.*, 18-294, (La. App. 3 Cir. 9/19/18), 255 So.3d 1123, 1127.

Merchants are required to exercise reasonable care to protect those who enter the establishment, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers. *Bertaut*, 209 So.3d at 357. Whether protective measures in a particular business establishment are reasonable must be determined in light of the circumstances of the case, considering the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the business, and other considerations. *Id.*

The evidence in the record indicates that SAL was aware of a leaking cooler that caused the floor of the aisle where Mr. Millet fell to become wet. In response to this leak, defendant placed two yellow warning cones in the aisle next to the

leaking frozen food cooler to warn shoppers of the hazard.  SAL store manager Ranada Grayer testified in her deposition that the two caution cones were placed to indicate a wet floor near the leaking cooler and that they would remain there until the repairman arrived to fix the leak.  She also testified that they used two caution cones instead of one because the customers sometimes ignore the caution cones.

The video surveillance footage shows two approximately 2.5 feet tall yellow warning cones placed close to the center of the aisle next to the frozen food cooler.  Though plaintiffs claim there is a genuine issue of material fact as to whether Mr. Millet saw the wet floor signs before he fell, in the video footage, Mr. Millet can be seen maneuvering his shopping cart around the cones immediately prior to his fall.  Such a maneuvering action is inconsistent with Mr. Millet's claim that he did not see the warning cones.  The evidence introduced indicates that SAL took reasonable precautions to warn patrons of the potentially hazardous wet floor.

On *de novo* review, and in light of the above evidence, we find that defendant SAL has shown that plaintiffs will be unable to meet their burden to show that SAL failed to exercise reasonable care under the circumstances.  Accordingly, we find that the trial court was correct in granting SAL's motion for summary judgment.  The judgment of the trial court is affirmed.


**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 13, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-227

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
BENJAMIN B. PERKINS (APPELLANT)      EDWARD L. MORENO (APPELLANT)        KELLY S. RIZZO (APPELLANT)
ISAAC H. SOILEAU, JR. (APPELLEE)     RYAN A. JURKOVIC (APPELLEE)

**MAILED**
CHRISTIAN A. GALLEGUILLOS
(APPELLANT)
JOHN W. REDMANN (APPELLANT)
LISA Z. GILMORE (APPELLANT)
TRAVIS J. CAUSEY, JR. (APPELLANT)
ATTORNEYS AT LAW
1101 WESTBANK EXPRESSWAY
GRETNA, LA 70053